*FILED*

1    **PETITION FOR A WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY**

2    Name ROMO      EZEQUIEL      MAR   **3 2014**

      (Last)      (First)      (Initial)    RICHARD W. WIEKING

3    Prisoner Number K-38661      CLERK, U.S. DISTRICT COURT

     NORTHERN DISTRICT OF CALIFORNIA

4    Institutional Address P. O. BOX 7500 | D9 202| CRESCENT CITY

5          CA 95532 .

6    ==========================================================

7              **UNITED STATES DISTRICT COURT**

           **NORTHERN DISTRICT OF CALIFORNIA**

8    EZEQUIEL ROMO

   (Enter the full name of plaintiff in this action.)

9             vs.          Case No. C 13-5341 EMC

10    GREG LEWIS, WARDEN AT      (To be provided by the clerk of court)

11    PELICAN BAY STATE PRISON      **PETITION FOR A WRIT**

                      **OF HABEAS CORPUS**

12    SHU .             " AMENDED PETITION"

13

14    (Enter the full name of respondent(s) or jailor in this action)

15

16    ============== Read Comments Carefully Before Filling In ==============

17    When and Where to File

18        You should file in the Northern District if you were convicted and sentenced in one of these

19    counties: Alameda, Contra Costa, Del Norte, Humboldt, Lake, Marin, Mendocino, Monterey, Napa,

20    San Benito, Santa Clara, Santa Cruz, San Francisco, San Mateo and Sonoma. You should also file in

21    this district if you are challenging the manner in which your sentence is being executed, such as loss of

22    good time credits, and you are confined in one of these counties. Habeas L.R. 2254-3(a).

23        If you are challenging your conviction or sentence and you were <u>not</u> convicted and sentenced in

24    one of the above-named fifteen counties, your petition will likely be transferred to the United States

25    District Court for the district in which the state court that convicted and sentenced you is located. If

26    you are challenging the execution of your sentence and you are not in prison in one of these counties,

27    your petition will likely be transferred to the district court for the district that includes the institution

28    where you are confined. Habeas L.R. 2254-3(b).

PET. FOR WRIT OF HAB. CORPUS      - 1 -

1    Who to Name as Respondent

2        You must name the person in whose actual custody you are. This usually means the Warden or

3    jailor. Do not name the State of California, a city, a county or the superior court of the county in which

4    you are imprisoned or by whom you were convicted and sentenced. These are not proper

5    respondents.

6        If you are not presently in custody pursuant to the state judgment against which you seek relief

7    but may be subject to such custody in the future (e.g., detainers), you must name the person in whose

8    custody you are now and the Attorney General of the state in which the judgment you seek to attack

9    was entered.

10    A. INFORMATION ABOUT YOUR CONVICTION AND SENTENCE

11        1. What sentence are you challenging in this petition?

12            (a)    Name and location of court that imposed sentence (for example; Alameda

13            County Superior Court, Oakland):

        SUPERIOR COURT OF        SACRAMENTO

14

15            Court                Location

16            (b)    Case number, if known  04F05789

17            (c)    Date and terms of sentence  EIGHT-YEARS ( 20% PERCENT)

18            (d)    Are you now in custody serving this term? (Custody means being in jail, on

19            parole or probation, etc.)      Yes  X     No _____

20            Where?

21            Name of Institution:  PELICAN BAY STATE PRISON (PBSP)

22            Address:  P.O. BOX 7500 CRESCENT CITY CA 95532

23        2. For what crime were you given this sentence? (If your petition challenges a sentence for

24    more than one crime, list each crime separately using Penal Code numbers if known. If you are

25    challenging more than one sentence, you should file a different petition for each sentence.)

26    PENAL CODE SECTION. 4501. ( ASSUALT WITH A

27    DEADLY WEAPON ).

28    _____

PET. FOR WRIT OF HAB. CORPUS    - 2 -

3. Did you have any of the following?

    Arraignment:                            Yes _X_      No _____

    Preliminary Hearing:              Yes _X_      No _____

    Motion to Suppress:              Yes _____      No _X_

4. How did you plead?

    Guilty _____    Not Guilty _X_    Nolo Contendere _____

    Any other plea (specify) _____

5. If you went to trial, what kind of trial did you have?

    Jury _X_    Judge alone _____    Judge alone on a transcript _____

6. Did you testify at your trial?           Yes _____      No _X_

7. Did you have an attorney at the following proceedings:

    (a)    Arraignment                Yes _X_      No _____

    (b)    Preliminary hearing       Yes _X_      No _____

    (c)    Time of plea               Yes _X_      No _____

    (d)    Trial                       Yes _X_      No _____

    (e)    Sentencing                Yes _X_      No _____

    (f)    Appeal            .          Yes _X_      No _____

    (g)    Other post-conviction proceeding    Yes _X_      No _____

8. Did you appeal your conviction?        Yes _X_      No _____

    (a)    If you did, to what court(s) did you appeal?

            Court of Appeal          Yes _X_      No _____

            Year: _____        Result:_____

            Supreme Court of California     Yes _____      No _____

            Year: _____        Result:_____

            Any other court            Yes _____      No _____

            Year: _____        Result:_____

    (b)    If you appealed, were the grounds the same as those that you are raising in this

PET. FOR WRIT OF HAB. CORPUS    - 3 -

| | | petition? | Yes _____ | No_____ |

(c)    Was there an opinion?                          Yes _____    No_____

(d)    Did you seek permission to file a late appeal under Rule 31(a)?

                                                       Yes _____    No_____

If you did, give the name of the court and the result:

_____

_____

9. Other than appeals, have you previously filed any petitions, applications or motions with respect to this conviction in any court, state or federal?                  Yes _____    No_____

[Note: If you previously filed a petition for a writ of habeas corpus in federal court that challenged the same conviction you are challenging now and if that petition was denied or dismissed with prejudice, you must first file a motion in the United States Court of Appeals for the Ninth Circuit for an order authorizing the district court to consider this petition. You may not file a second or subsequent federal habeas petition without first obtaining such an order from the Ninth Circuit. 28 U.S.C. §§ 2244(b).]

(a)    If you sought relief in any proceeding other than an appeal, answer the following questions for each proceeding. Attach extra paper if you need more space.

I.     Name of Court: [SEE: APPENDIX. [A]

       Type of Proceeding: _____

       Grounds raised (Be brief but specific):

       a._____

       b._____

       c._____

       d._____

       Result: DENIAL _____ Date of Result: 12/04/12

II.    Name of Court: [SEE: APPENDIX. [B]

       Type of Proceeding: _____

       Grounds raised (Be brief but specific):

PET. FOR WRIT OF HAB. CORPUS          - 4 -

1  a._____

2  b._____

3  c._____

4  d._____

5  Result: _____DENIAL_____ Date of Result: _2/5/13_

6  III.  Name of Court: __[SEE: APPENDIX. B]_____

7  Type of Proceeding: _____

8  Grounds raised (Be brief but specific):

9  a._____

10  b._____

11  c._____

12  d._____

13  Result: _____ Date of Result:_____

14  IV.  Name of Court: ___[SEE: EXHIBIT. C]_____

15  Type of Proceeding: _____

16  Grounds raised (Be brief but specific):

17  a._____

18  b._____

19  c._____

20  d._____

21  Result: __DENIED._____ Date of Result: _8/21/13_

22  (b)  Is any petition, appeal or other post-conviction proceeding now pending in any court?

23  Yes _____ No __✗__

24  Name and location of court: _____

25  B. GROUNDS FOR RELIEF

26  State briefly every reason that you believe you are being confined unlawfully. Give facts to

27  support each claim. For example, what legal right or privilege were you denied? What happened?

28  Who made the error? Avoid legal arguments with numerous case citations. Attach extra paper if you

PET. FOR WRIT OF HAB. CORPUS        - 5 -

1  need more space. Answer the same questions for each claim.

2      [Note:  You must present ALL your claims in your first federal habeas petition.  Subsequent

3  petitions may be dismissed without review on the merits.· 28 U.S.C. §§ 2244(b); McCleskey v. Zant,

4  499 U.S. 467,  111 S. Ct. 1454, 113 L. Ed. 2d 517 (1991).]

5  Claim One:_____ " SEE   ATTACHED "_____

6  _____

7  Supporting Facts:_____ "   "           ""_____

8  _____

9  _____

10  _____

11  Claim Two:_____ "       "           "_____

12  _____

13  Supporting Facts:_____ ""       ""         ""_____

14  _____

15  _____

16  _____

17  Claim Three:_____ "       "           "_____

18  _____

19  Supporting Facts:_____ "       "     ""_____

20  _____

21  _____

22  _____

23      If any of these grounds was not previously presented to any other court, state briefly which

24  grounds were not presented and why:

25  _____

26  _____

27  _____

28  _____

1    List, by name and citation only, any cases that you think are close factually to yours so that they

2    are an example of the error you believe occurred in your case. Do not discuss the holding or reasoning

3    of these cases:    "SEE ATTACHED"

4    _____

5    _____

6    _____

7    Do you have an attorney for this petition?                    Yes_____    No_X_

8    If you do, give the name and address of your attorney:

9    _____

10    WHEREFORE, petitioner prays that the Court grant petitioner relief to which s/he may be entitled in

11    this proceeding. I verify under penalty of perjury that the foregoing is true and correct.

12

13    Executed on _FEBRUARY 21. 2014_                    _Zequiel Ramos_

14                    Date                            Signature of Petitioner

15

16

17

18

19

20    (Rev. 6/02)

21

22

23

24

25

26

27

28

PET. FOR WRIT OF HAB. CORPUS        - 7 -

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA.

EZEQUIEL ROMO,
           PETITIONER
           V.
GREG LEWIS, WARDEN,
AT PELICAN BAY STATE
PRISON — SHU.
           RESPONDENT.

CASE NO. C13-5341 EMC
28 U.S.C. 2254.
AMENDED PETITION
AND
MEMORANDUM IN
SUPPORT OF RELIEF

TO: UNITED STATES DISTRICT JUDGE, HONORABLE:
EDWARD M. CHEN.

PLEASE TAKE NOTICE, EZEQUIEL ROMO IN PRO
SE AMENDS COMPLAINT PETITION AND REQUEST
EXPEDITED REVIEW, RELIEF PURSUANT TO 28.U.S.C.
SECTION 2254. [PETITIONER'S RELEASE DATE WAS FEBRUARY
5.2014. | BE LIBERALLY CONSTRUED. HEBBE V. PLILER, 627
F.3d 338, 342 (9th CIR. 2010).
     FEB. 21. 2014.                    RESPECTFULLY SUBMITTED,
     IN PRO SE:                        EZEQUIEL ROMO
                                       Ezequiel Romo

i.

I.                    INTRODUCTION.

EZEQUIEL ROMO, CURRENTLY INCARCERATED AT PELICAN BAY STATE PRISON, FILED THIS WRIT PURSUANT TO 28 U.S.C. SECTION 2254. NOW BEFOR THE COURT FOR REVIEW PURSUANT TO 28. U.S.C. SECTION 2243 AND RULE 4. OF RULES GOVERING SECTION 2243. IN THE UNITED STATES DISTRICT COURTS.

HABEAS RELIEF is ALSO AVAILABLE IF THE STATE COURT'S DECISION " INVOLVED AN UNREASONABLE APPLICATION" OF CLEARLY ESTABLISHED FEDERAL LAW, OR WAS BASED ON AN UNREASONABLE DETERMINATION OF THE FACTS" IN LIGHT OF THE RECORD BEFORE THE STATE COURT. HARRINGTON V. RICHTER ___ US. ___, 131 S. CT. 770, 785 (2011) (CITING 28 U.S.C. SECTION 2254 (d) (1). RICHTER, 131 S. CT. 785.

PLAINTIFF, CONTENDS THE CONSTITUTIONAL VIOLATIONS BEFORE THE COURT; 1) THE VALIDATION OF 2011 AND THE RETENTION IN THE "SHU" VIOLATED THE PROCEDURAL [DUE PROCESS] AND SUB-STANTIVE OF PRESENTING VIEWS TO AN IMPARTIAL DECISION-MAKER; (2) THE LACK OF ACCESS TO COURTS - A MEANINGFUL RE-VIEW OF ADMINISTRATIVE APPEAL IN REDRESS; (3) APPLICATION OF PENAL CODE SECTION 2933. 6(9); VIOLATES THE PROHIBITION OF EX POST FACTO LAWS, FOLLOWING 2007 CONVICTION.

II.                    DISCUSSION

THE U.S. SUPREME COURT AFFIRMED THAT CONFINE-MENT IN "SUPERMAX" PRISONS", IMPLICATES A LIBERTY INTREST.

Wilkinson V. Austin, 545 U.S. 209, 223-24 (2005). HEREin, PETiTioNER MAKES A "PRIMA FACIE" BASED on RESPONDENTS' ARBITRARY DECISION-MAKERS. VioLATED THE DUE PROCESS, OF THE GANG VALID- ATion PROTOGOL... In SuM" THE DOCUMENTED INTERVIEW SHALL BE DOCUMENTED, submitted with THE VALIDATION PACKET FOR ConsiDERATion To APPROVE OR REJECT THE VALIDATion". SEE. CALiFORNIA CODE OF REGULATions. TITLE 15. SECTion. 3378. et Seq., SEE ALSO. MADRID V. GOMEZ, 889 F. SUPP. 1146, 1241 (n. D. CAL. 1995).

A. "THE 2011-2012 PROCEEDINGS THAT RESULTED In PETiTioNER'S RETENTion In THE SHU".

THE FIRST Claim: PERTAINS TO THE VALIDATion PROCESS DUE ARBiTRARLY BY RESPONDENTS' NOT ALLOWING PETiTioNER AN OPPORTUNITY TO PRESENT nis VIEWS — A WRITTEN RUBUTTAL To THE DECISION-MAKER(S). SEE Wilkinson V. AuSTin, 545 U.S. 209, 223-224. (2005). THE OFFICE OF CORRECTionAL SAFET, (OCS) SPECIAL AGENTS' M. BUECHNER AND D. JAKABOSKY. ACCEPTED THE VALIDATion PACKAGE SUBMITTED BY F. RiVERA AND on NOVEMBER 10. 2011. DOCUMENTED [WE] WOULD NOT INVESTIGATE PETiTioNER'S REBUTTAL OF CONTESTED SOURCE-ITEMS: 3378. (C). GANG INVOLVEMENT ALLEGATions SHALL BE INVESTIG- ATED BY A GANG INVESTIGATOR OR TUEIR DESIGNEE. (1). In Sum... CURRENT ACTIVITY is DEFINED AS ANY DOCUMENTED GANG ACTIVITY WITHIN THE PAST (6) SIX-YEARS, CONSISTENT

WITH SECTION. 3341.5 (c) (5); AS PROVIDED AT SECTION. 3378
(e), THE DEPARTMENTAL REVIEW BOARD, (DRB) MAY AUTHORIZE
SHU RELEASE FOR PRISON GANG MEMBERS OR ASSOCIATES
CATEGORIZED AS INACTIVE. THE TERM INACTIVE MEANS THAT
THE INMATE HAS NOT BEEN INVOLVED IN GANG ACTIVITY FOR
A MINIMUM OF SIX (6) YEARS. 3378 (D). THE INTERVIEW
SHALL BE DOCUMENTED AN INCLUDE A RECORD OF THE INMATE
OR PAROLEE'S OPINION ON EACH OF THE SOURCE ITEM(S) USED
IN THE VALIDATION. [SEE. EXHIBIT 2] 128B. GANG VALIDATION
CHRONO DATED NOVEMBER 10. 2011. R. RIVERA, ARBITRARLY
DOCUMENTED [ME] WOULD NOT INVESTIGATE PETITIONER'S
WRITTEN - REBUTTAL ON EACH SOURCE ITEM(S). THE "INDICIA
OR RELIABILITY" STANDARD COMES DOWN TO REASONABLENESS:
[AN INMATE MAY NOT BE CONFINED TO THE SHU FOR GANG
AFFILIATION UNLESS THE RECORDS CONTAIN SOME FACTUAL
INFORMATION FROM WHICH THE, (IGI) INSTITUTIONAL
GANG INVESTIGATOR AND CLASSIFICATION COMMITTEE CAN
REASONABLY CONCLUDE THAT THE INFORMATION WAS RELIABLE."
MADRID, 889 F. SUPP. AT 1274; SEE ALSO SUPERINTENDENT MASS.,
CORRECTIONAL INSTITUTION V. HILL, 472 U.S. 445, 455, 105 S. CT.
2768 (1985). STAFF SHALL RECORD THIS INFORMATION AND PRO-
VIDE A WRITTEN RECORD TO THE INMATE/PAROLEE WITHIN
FOURTEEN (14) DAYS AND PRIOR TO SUBMISSION OF THE

4

Validation Package to OCS. (Id). | SEE EXHIBIT. 3. | The CDCR 128 B2. December 13. 2011. | The Documented Interview Shall Be Submitted With The Validation Package To OCS, For Consideration To Approve or Reject The Validation. 3378. (E). The Interview Shall Be Submitted With The Inactive Status Review To The OCS For Consideration Of The Current Active or Inactive Status. Id. MADRID v. GOMEZ, 889 F. SUPP. 1146, 1273 (N.D. CAL. 1995). On August 17. 2011. R. RIVERA, Authored A CDCR-128B, A Direct Link Chrono Noting That The Petitioner is continuing Association And is in Good Standing With The Mexican Mafia. | SEE. EXHIBIT. 1 | The Administrative Appeal Was A Result of An Interview on August 16. 2011, In Which R. RIVERA, Interviewed Petitioner And Failed To Issue Any Documents To Be Considered For Gang Activity. Partially Granted By RESPONDENTS' on November 14. 2011. None, of Those Documents Referred To Any (OCS), Finding That Petitioner Had Been Involved In Gang Activity Within The Previous (6) Six Years. The Ninth Circuit Further Requires That The Official Charged With Deciding To Retain The Inmate in Segregation Must Be The Official To Whom The Inmate Presents His Views. TOUSSAINT V. McCARTHY, 918 F. 2d 752 (9th CIR. 1990).

1. "Initial Validation And Placement In The SHU".

Lieutenant K. Reed, who investigated Petitioner for alleged Gang-Activity on April 28. 2005, and forwarded the validation package for Approval or Rejection to OCS, and subsequently reviewed the Administrative Appeal See. 602. Log. no., SAC. 0501129. The two harms here, lack of meaningful Review, a procedural harm and a chilling of Constitutional Substantive Rights. Are distinct they were caused at different times, by different acts, and by different actors. The Warden, allowed the review of the Grievance by the same, Lieutenant K. Reed. See 584, F.3d 1274 Brodheim V. Cry 9th Cir. 2009. Under this Approach see. Gutowski v. County of Placer 108 F.3d 256, 259 (9th Cir. 1997), An action is always timely if brought by a plaintiff currently subjected to the policy [Gang-validation Protocol. 3378. et seq.,] because such policy continually deters plaintiff from seeking full Rights or threatens to adversely affect the plaintiff in the future. Id., see. 3084.7 (d) (1) (A). Appeal response shall not be reviewed and approved by a staff person who participated in the event or decision being appealed. The validation process of CDCR 128B2. June 21. 2005, is relevant to the Policy and Practice of systematic discrimination, as

6.

ALLEGED TO only INDIVUAL DISCRIMINATORY ACTS, MAY IN
CERTAIN CIRCUMSTANCES, UTILIZE THE CONTINUING VIO-
LATIONS DOCTRINE. SEE: GUTOWSKI, 108 F.3d 256, 259
(9th.CiR.1997). RELEVANT TO THE SAME DUE PROCESS
CLAIM OF AN OPPORTUNITY TO PRESENT VIEWS TO
A DECISION-MAKER. SEE ALSO. WILKINSON V. AUSTIN, 545
U.S. 209, 228-29. (2005); TOUSSAINT V. MCCARTHY, 801 F.
2d 1080, 1100 (9th.CiR.1986); [SEE: EXHIBIT. C].

  2. PERIODIC REVIEWS.

  DUE PROCESS, REQUIRES THAT PRISON OFFICIALS, EN
GAGE IN SOME SORT OF PERIODIC REVIEW OF THE IN-
MATE'S CONFINEMENT IN ADMINISTRATIVE SEGREGATION.
HEWITT V. HELMS, 459 U.S. 460, 472 (1983). (SEE: EXHIBIT.
A.) ADMINISTRATIVE APPEAL LOG. NO. DVI. 0800356. RE:
CLASSIFICATION GRANTED ON MARCH 12. 2008. THE RVR
LOG. NO. A/S.0505058 WAS ORDERED REISSUED/REHEARD
ON JANURARY 11. 2006. SEE: GUIZAR V. WOODFORD, 282 FED.
APPX. 551, 553 (9th CiR. 2008) ["DENIED ALL OPPORTUNITY
OR NOTICE TO REBUTT THE ALLEGED"]. IN WHICH THE
CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILIT-
ATION, (CDCR). GANG VALIDATION AND INACTIVE REVIEWS.
SEE. 3341.5. eT Seq., AND 3378. eT Seq., ["LENGTH OF SHU
CONFINEMENT, MAY BE FOR AN INDETERMINED OR A FIXED
PERIOD OF TIME. SEE. TOUSSAINT V. MCCARTHY, 801 F.2d

1080, 1100 (9th. Cir. 1986.) Section. 3341.5 (c) (2) (A). A PRISONER MUST BE REVIEWED EVERY 180 DAYS FOR CONSIDERATION OF RELEASE. THE "DUE PROCESS" OF THE [CASTILLO SETTLEMENT] WAS OPERATIVE IN 2006, BY THE CDCR'S SETTLEMENT AGREEMENT IN PROVIDING MORE DUE PROCESS UNDER SECTION. 3378. [SEE: EXHIBIT. 1.] ADMINISTRATIVE APPEAL. LOG. NO. CCI. 1101278.] LOWER COURTS HAVE FOUND THAT THOSE PERIODIC REVIEWS MUST BE MORE THAN "MEANINGLESS GESTURES" TO SATISFY DUE PROCESS. TOUSSAINT V. ROWLAND, 711 F. SUPP. 536, 540 N. 11 (N.D. CAl. 1989). PETITIONER WAS ELIGIBLE FOR RELEASE, on APRIL. 11. 2011. A PRISON GANG AFILIATE IN THE SHU MAY BE CONSIDERED FOR REVIEW OF INACTIVE STATUS BY THE DEPARTMENTAL REVIEW BOARD, (DRB) AFTER A MINIMUM OF SIX YEARS WITH NO IDENTIFIED INVOLVEMENT IN GANG ACTIVITY. 3378 (e). [SEE. EXHIBIT. 1.] AGAIN, VERIFICATION OF INACTIVE STATUS MUST BE APPROVED BY THE ASSISTANT DIRECTOR OF THE LEIU AND THE APPROVAL OR REJECTION MUST BE PLACED IN THE INMATE'S CENTRAL FILE. Id. CASTILLO V. ALAMEIDA, NO. C 94-2847 (N.D. CAl. 1994). PETITIONER HAS A PROTECTED LIBERTY- INTREST IN REMAINING FREE FROM ADMINISTRATIVE SEGREGATION. CHANGES TO AN INMATE'S CONFINEMENT CONDITIONS MAY AMOUNT TO A DEPRIVATION OF A CONSTITUTIONALLY PROTECTED LIBERTY INTREST,

PROVIDED THAT THE LIBERTY INTREST IN QUESTION IS ONE OF REAL SUBSTANCE. SANDIN V. CONNER, 515 U.S. 472, 477-87, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995). ON FEBRUARY 14. 2012, AFTER APPEARING BEFORE CLASSIFICATION, WARDEN KIM HOLLAND, NOTIFIED PETITIONER OF BEING VALIDATED ON DECEMBER. 13. 2011. SEE. 3378. (C). (G): THE VALIDATION AND/OR REJECTION OF EVIDENCE RELIED UPON SHALL BE DOCUMENTED ON A CDCR FORM 128B2. UPON RECIEPT OF THE CDCR FORM 128B2, CLASSIFICATION AND PAROLE REP RESENTATIVE OR PAROLE ADMINISTRATOR I, OR THEIR DESIGNEE SHALL CLEARLY NOTE IN SOME PERMANENT MAN-NER UPON THE FACE OF EVERY DOCUMENT WHETHER OR NOT THE ITEM MET THE VALIDATION REQUIREMENTS. HEWITT, 459 U.S. AT 477 n.9; CF. WILKINSON V. AUSTIN, 545 U.S. AT 217, 224 (UPHOLDING AD-SEG PLACEMENT POLICY THAT CALLED FOR 30-DAY REVIEW OF FILE AND ANNUAL REVIEW AT WHICH INMATE WAS ALLOWED TO APPEAR AND PRESENT HIS VIEWS). PETITIONER, SPECIFICALLY DISAGREED WITH CLASSIFICATION AND NOT HAVING BEEN ISSUED THE VALIDATION CHRONO CDCR 128B2, UNTIL MAY 15. 2012. 3378. (C)(7): THE CDC FORMS 812A AND 812-B SHALL BE RE-VIEWED BY A CLASSIFICATION COMMITTEE AT EACH ANNUAL HEARING AND UPON ANY REVIEW FOR TRANSFER CONSIDER-ATION. THIS SHALL BE DOCUMENTED ON A CDCR FORM 128G.

9.

SEE. GUIZAR V. WOODFORD, 282 FED. APPX. 551, 553 (9TH CIR. 2008). THE "MEANINGLESS GESTURE" PHRASE WAS DRAWN FROM THIS STATEMENT FROM THE NINTH CIRCUIT: "SINCE ADMINIST-RATIVE SEGREGATION MUST NOT BE A PRETEXT FOR PUNITIVE ISOLATION, HEWITT, 459 U.S. AT 477 n.9, 103 S. CT. AT 874 n.9, THE SUBSTANTIVE CRITERIA ASSURE THAT PLANTIFF'S DUE PROCESS RIGHTS ARE NOT MEANINGLESS GESTURES." TOUSS AINT V. MC CARTHY, 801 F.2d AT 1102.

3.  GANG  INACTIVITY REVIEW.

HAVING BEEN HOUSED IN ADMINISTRATIVE SEGREGATION SINCE AUGUST 6. 2003 AND WHILE ON BAIL FROM JULY 4. 2006 ON THROUGH JULY 27. 2007. A "PRIMA FACIE" EVIDENCED BY PETITIONER IS NO THREAT TO THE SAFETY OF PUBLIC OR ANY INSTITUTION. [THIS GANG ACTIVITY REVIEW IS IN ADDITION TO THE PERIODIC REVIEWS MENTIONED IN THE PRECEEDING SECTION]. SEE: ROBINSON V. CALIFORNIA, 370 U.S. 600 (1962) WHICH HELD. . .: "PUNISH MENT FOR "STATUS" IS PARTICULARLY OBNOXIOUS AND CRUEL AND UNUSUAL PUNISHMENT." MADRID V. GOMEZ, 889 F. SUPP. 1146, 1229-30, 1126-67 (N.D. CAL. 1995). RE: SOME GANG VALIDATED AFFILIATES NOT PLACED IN THE SHU; COMPARE: 3378 (d) AND 3378 (e): GENERAL PRISON POPULATION V. SHU GANG AFFILIATES, ELIGIBILTY FOR INACTIVE STATUS". SEE MADRID RULING AT P. 1241. FN. 186).

PETITIONER WAS NOT REVIEWED BY, DRB AS THE IGI ARBITRARLY on AUGUST 16.2011, INTERVIEWED PETITIONER BASED on ADMISTRATIVE APPEAL MAY 10.2011. BASED on A SIX-YEAR FROM VALIDATION CHRONO DATED JUNE 21.2005. THE DRB is AUTHORIZED TO RETAIN AN inACTIVE GANG MEMBER OR ASSOCIATE in A SHU BASED on THE INMATE'S PAST OR PRESENT LEVEL OF INFLUENCE in THE GANG, HISTORY OF MISCONDUCT, HISTORY OF CRIMINAL ACTIVITY, OR OTHER FACTORS INDICATING THAT THE INMATE POSES A THREAT TO OTHER INMATES OR INSTUTIONAL SECURITY. 3341.5. (C) (5). | SEE: EXHIBIT. B. LETTER FROM PAROLE OFFICER STEVEN PRECIADO; DECLARATION(S) OF PETITIONER AND; EDWARD J. RIENIER; OSCAR LIZARRAGA; JOHNNY FLORES; ENRIQUE ALVAREZ; SAMUEL TRUJILLO; JESSE ROMERO; ALEXANDER GURULE; ALFRED HERNANDEZ; JOHN DEHARO; JOHN GARCIA; DON NUÑEZ; EDDIE CORRALES; | SEE: U.S.D.C.(N.D.CAL.NO. C0095 SI. LIRA V.CATE. SEPT.30.2009. | "FINDINGS OF FACT AND conclusion OF LAW" (WHEREIN, AFTER A COURT TRIAL, HELD CDCR-PBSP-SHU OFFICIALS DENIED PROCEDURAL AND SUBSTANTIVE DUE PROCESS... Including THAT THE 180-DAY CLASSIFICATION REVIEWS OF CONTINUED SHU RETENTION (MANDATED in MADRID) WERE MEANINGLESS (id., ORDER AT P.3, 40-42 J; PEOPLE V. CASTANEDA 23 CAL. HTH 743, 479 (2000) (RE: CALIFORNIA SUPREME COURT

INTERPRETATION OF CAL. PENAL. CODE, SECTION 186.22, WHICH is THE PENAL CODE RELIED UPON FOR CDCR'S RULES RE: "GANG ACTIVITY". 3023 (e.g., only CONVICTION FOR FELONIOUS GANG ACTIVITY is SANCTIONABLE PER. CAL. PENAL CODE. 186.22.) In WiLKinSON, THE SUPREME COURT HELD THAT "[U]nliKE THE 30-DAY PLACEMENT in SANDIN, PLACE-MENT AT [OHio's SUPERMAX FACILITY] is inDEFiniTE." WiLKinSON, 545 U.S. aT 224. ADMiniSTRATiVE SEGREGATION FOR GANG AFFiLiATES AT PELiCAN BAY SHU is SimiLAR. IT is UNDiSPUTED THAT THE SHU is DESIGNED TO SEG REGATE A PRiSONER ON A long-TERM BASiS, AND HERE PETITiONER'S PLACEMENT in THE SHU is InDEFiNATE.

THE DEPARTMENTAL REVIEW BOARD, (DRB.) PROViDES THE SECRETARY'S FiNAL REVIEW OF CLASSiFiCATiON iSSUES WHiCH ARE REVIEWED BY An INSTiTUTiON HEAD FOR A RESOLUTION OR DECiSiON AT THE HEAD QUARTERS LEVEL. 3376.1. [THE DRB, DECiSiON is NOT APPEALABLE AND CONCLUDES THE DEPARTMENTAL ADMiNiSTRATiVE REMEDiES, OF SUCH ISSUES. SANDIN V. CONNER (1995) 515 U.S. 472; AND MADRiD V. GOMEZ N.D. CAL. 1995, 889 F.SUPP. 1146 [DESCRiBING CONDiTiONS OF SEGREGATED HOUSING UNiT]. THE VALiDATiON CHRONO 128B2. JUNE 21. 2005. [SEE. EXHiBiT. A.] FAiLURE TO ALLOW PETiTiONER TO PRESENT HiS ViEWS REGARD inG HiS STATUS WOULD ViOLATE DUE PROCESS OF LAW. Id.

4. "RE-VALIDATION"

CALIFORNIA LAW GRANTS PETITIONER A STATE PROTECTED LIBERTY INTREST IN "REMAINING IN THE GENERAL PRISON POPULATION AND NOT BEING CONFINED IN A SECURITY HOUSING UNIT" MADRID V. GOMEZ, 889, F. SUPP. 1146, 1270-71; SEE ALSO CATO V. RUSHEN, 824 F.2d 703, 704 (9TH CIR. 1987); HEWITT V. HELMS, 459 U.S. 460, 466, 103 S.CT 864, 869, 74 L.Ed. 2d 675 (1982) — A PROTECTED LIBERTY INTREST MAY ARISE FROM STATE LAW. SEE ALSO: WOLFF V. MCDONNELL, 418 U.S. 539, 94 S.CT. 2963 (1974) THE TOUCHSTONE OF DUE PROCESS IS PROTECTION OF THE INDIVUAL AGAINST ARBITRARY ACTION OF THE GOVERNMENT.")

PETITIONER SERVING AN INDETERMINATE SHU TERM MUST BE REVIEWED EVERY 180-DAYS FOR CONSIDERATION OF RELEASE. | SEE: EXHIBIT.1. | ADMINISTRATIVE APPEAL. [OCTOBER.24.2011.] ACTION REQUESTED: 1). BE RELEASED TO THE GENERAL PRISON POPULATION; 2) AFFORDED THE PROCEDURAL DUE PROCESS OF A SIX-YEAR REVIEW AND RELEVANT DOCUMENTATION; 3) REISSUE DOUBLE-CELL STATUS; 4) TRANSFER AS ENDORSED BY CSR"...RESPONDENTS' F.RIVERA, IGI. HAD TAKEN PICTURES OF PETITIONER ON AUGUST 16.2011 AND AFTER INTERVIEW FAILED TO ISSUE ANY RELEVANT DOCUMENTS'; ON AUGUST 17.2011, IGI AUTHORED A CDCR-128B, AN ALLEGED DIRECT LINK CHRONO NOTING THAT THE PETITIONER IS CONTINUING HIS ASSOCIATION AND IS IN GOOD

13.

STANDINGS WITH THE MEXICAN MAFIA. PER THE CASTILLO SET
TLEMENT, ICC is only TO REVIEW AN INDETERMINATE
SHU TERM AND REVIEW THE INMATE'S CURRENT GANG
STATUS AND INDICATE THE STATUS ON THE CDCR-128G.
ON NOVEMBER 14.2011. RESPONDENTS' DENIED PETITIONER'S
APPEAL. THE "PRE-SUMED" FINDING OF GANG ACTIVITY WAS
UNLAWFUL. SEE. 3375(f)(h) "AN INMATE SHALL BE PROVIDED
A COPY OF ALL non-CONFIDENTIAL CDCR STAFF-GENERATED
DOCUMENTS AND REPORTS PLACED IN THE INMATE'S CENTRAL
FILE"... AS MANDATED UNDER 3378(e). IT IS THE LEIU, WHO
DETERMINES IF PETITIONER HAS BEEN INVOLVED IN GANG
ACTIVITY WITHIN THE PAST SIX (6) YEARS. TOUSSAINT V.
MCCARTHY, 918 F.2d 752 (9th.Cir.1990). THE non-CONFIDENT
IAL CHRONO OF AUGUST 17.2011, WAS NOT ISSUED UNTIL
AFTER FILING AN APPEAL ON OCTOBER 24.2011; AND
F.RIVER AUTHORED IT, STATED IF no STATEMENT
IT WOULD BE ANOTHER SIX YEARS. PETITIONER HAD
REQUESTED ANY DOCUMENTS RELEVANT FOR SIX YEAR
REVIEW. SEE APPEAL. DATED MAY 10.2011; (SEE EXHIBIT.
6.) ADMINISTRATIVE APPEAL. LOG.no., CCI.0802741; RESPON
DENTS EXPLAIN TO APPELLANT HE COULD FILL OUT A TRUST
WITHDRAWL WITH A LIST OF DOCUMENTATION REQUESTED.
SECTION. 3375.(f). THE CLASSIFICATION OF INMATES SHALL
BE PROVIDED THE FOLLOWING PROCEDURAL SAFEGUARDS;

14.

(h): An INMATE SHALL BE PROVIDED A COPY OF All non-confident
ial CDCR STAFF-GENERATED DOCUMENTS AND REPORTS PLACED
IN AN INMATE'S CENTRAL FILE UNLESS OTHERWISE REQUESTED
in WRITING BY THE INMATE. Id. MADRID V. GOMEZ (N.D.CAL.
1995), 889 F. SUPP.1146; COMPARE: ADMINISTRATIVE APPEAL.CCI
0090917. Fully GRANTED on JUNE 17.2009. (SEE: EXHIBIT.C) HERE
RESPONDENTS' ARBITRARLY ENFORCE POLICY AND PROCEDURE AS
REGULATION(S). 3375(f)(h) NO INMATE SHALL BE CHARGED FOR
ANY DOCUMENTS. Id. On DECEMBER 13,2011, RESPONDENTS'
PLACED THE CDCR 128B2 VALIDATION CHRONO, In PETITION
ER'S C-FILE; DENIAL OF A TIMELY FILED APPEAL. 3084.AN
ADVERSE AFFECT BY FIVE-MONTHS. 3084.1. (SEE.EXHIBIT. 4.)
BRUCE V. YIST, 351 F.3d 1283, 1287 (9TH CIR. 2003)

On MAY 1. 2013. PETITIONER WAS SEEN BY DRB, AND
ISSUE DOCUMENTS. (SEE.EXHIBIT. 7. ), 3376.1.(9).(e): DECISIONS
OF THE DRB SHALL BE in WRITING AND IMPLEMENTED WITHIN
30 CALENDAR DAYS AFTER THE DECISION is MADE. NO DEC-
ision OF PETITIONER'S WRITTEN-REBUTTAL. Wilkinson, 545
U.S. AT 224. EXPUNGEMENT is APPROPIATE WHEN "THE MAINTENANCE
OF SUCH RECORDS WOULD BE FUNDAMENTALLY UNFAIR". UNITED STATES
V. SWEENY, 914 F.2d 1260, 1264 (9th CIR.1990). BECAUSE, HEREIN PETITION-
ER'S "DUE-PROCESS" RIGHTS WERE VIOLATED WHEN HE WAS VAL-
IDATED AS A GANG-ASSOCIATE WITHOUT NOTICE/OPPORTUNITY
TO PRESENT HIS VIEWS; Id. SEE ALSO. WILSON J. WEBSTER, 467
F.2d 1282, 1284 (9th CIR. 1972).

CLAIM TWO:

RESPONDENTS' DENIAL OF MEANINGFUL REVIEW OF ADMINISTRATIVE APPEAL EXHAUSTION- ACCESS TO COURTS, LEWIS V. CASEY, 518 U.S. 343, 350 (1996).

THE "RIGHT OF ACCESS" TO THE COURT IS LIMITED TO THE INITIATION OF COURT ACTION (EQUATING THE RIGHT OF ACCESS TO THE RIGHT TO BRING TO COURT A GRIEVANCE) LEWIS U.S. AT 356. Id. RESPONDENTS' DENIAL OF MEANINGFUL REVIEW OF ADMINISTRATIVE APPEAL [SEE: EXHIBIT. 4: 602 LOG. no. CCI 01201929.] PRISONERS HAVE A FIRST-AMENDMENT RIGHT TO FILE GRIEVANCE AGAINST PRISON OFFICIALS AND BE FREE FROM RETALIATION FOR DOING SO. SEE: BRODHEIM V. CRY, 584 F.3d 1262, 1269 (9th CIR. 2009). PETITIONER'S APPEALS WERE IMPROPERLY REJECTED "SCREENED- OUT". ON MAY 28. 2012, PETITIONER HAVING RECIEVED THE VALIDATION CHRONO CDCR 128B2; ON MAY 15. 2012 FIVE-MONTHS DELAYED FROM DECISION [OF DECEMBER 13. 2011] SEE: 3084. B. (a): THE TIME LIMITS FOR REVIEWING APPEALS SHALL COMMENCE UPON THE DATE OF RECIEPT OF THE APPEAL FORM BY APPEALS COORDINATOR(S); (b): AN INMATE OR PAROLEE MUST SUBMITT THE APPEAL WITHIN (30) THIRTY- DAYS OF: (1) THE OCCURANCE OF THE EVENT OR DECISION BEING APPEALLED, OR (2) UPON FIRST HAVING KNOWLEDGE OF THE ACTION OR DECISION BEING APPEALED. [SEE: EXHIBIT. 4. CDCR. 22 DATED: FEBRUARY 14. 2012; AND MAY 15. 2012 COUNSELOR. S. HARVEY.] ON JUNE 12. 2012, RESPONDENTS' I. ALOMARI AND

K. SAMPSON on CDC 695 FORM. STATED: NOT APPEALABE AND UNTIMELY AS BEYOND THE (30) THIRTY- DAY TIME CONSTRAINTS ALLOTTED A TIMELY APPEAL. 3084.5. SCREENING AND MANAGING APPEALS:(3) WHEN AN APPEAL IS NOT ACCEPTED, THE INMATE OR PAROLEE SHALL BE NOTIFIED OF THE SPECIFIC REASONS FOR THE REJECTION OR CANCELLATION OF THE APPEAL AND OF THE CORRECTIONS NEEDED FOR THE REJECTED APPEAL TO BE ACCEPTED. Id; 3084.6. REJECTION, CANCELLATION, AND WITHDRAWL CRITERIA. (a)(3): AT THE DISCRETION OF THE APPEALS COORDINATOR OR THIRD LEVEL APPEALS CHIEF, A CANCELLED APPEAL MAY LATER BE ACCEPTED IF A DETERMINATION IS MADE IN ERROR OR NEW INFORMATION IS RECIEVED WHICH MAKES THE APPEAL ELIGIBLE FOR FURTHER REVIEW. ON JUNE 18.2012. PETITIONER, RESUBMITTED AN EXPLAINATION BASED ON DELAY OF ISSUED DOCUMENTS ON MAY 15. 2012. FROM DECISION OF DEC.13.2011; WAS NOTIFIED BY THE WARDEN KIM HOLLAND, DURING CLASSIFICATION ON FEB.14. 2012 OF THE VALIDATION. SEE: RHODES V. ROBINSON, 408. F.3d 559, 567-68 (9th CIR. 2005). THIS RIGHT REQUIRES PRISON AUTHORITIES TO PROVIDE PRISONER'S WITH THE "CAPABILITY OF BRINGING CONTEMPLATED CHALLENGES TO SENTENCES OR CONDITIONS OF CONFINEMENT BEFORE THE COURT." LEWIS, 518 U.S. AT 356. ON SEPTEMBER 28.2012, CHIEF APPEALS DENIAL AND REJECTED THE APPEAL ON

17.

THIRD LEVEL REVIEW NO. 1203356. BY J.D. LOZANO. 3084.6
(a) (3). Id; JONES V. BOCK, 549 U.S. 199, 218, 127 S.CT. 910
(2007) ("COMPLIANCE WITH PRISON GRIEVANCE PROCEDURES, THE
REFORE, IS ALL THAT IS REQUIRED BY THE PRISON LITIGAT-
ION REFORM ACT. PLRA, TO PROPERLY EXHAUST.

On APRIL 11. 2013, RESPONDENTS' WERE IN POSSESSION
OF COURT-ORDER LEGAL MAIL DATED FEBRUARY 5. 2013.
THE (3) THREE-MONTH DELAY OF ISSUANCE AND THE
LOSS OF JURISDICTION FOR A TIMELY REVIEW; IMPEDED
PETITIONER'S FIRST-AMENDMENT AND FOURTEENTH OF
U.S. CONSTITUTION. [ 3141 (a).] CONFIDENTIAL CORRESPOND-
ENCE IS A RIGHT GUARANTEED BY LAW; (b) CONFIDENTIAL MAIL
WILL NOT BE LIMITED TO FIRST CLASS MAIL STANDARDS.
(C). (5): ALL STATE AND FEDERAL JUDGES AND COURTS. LEWIS
V. CASEY, 518 U.S. AT 349-50. "ACTUAL INJURY MEANS ACTUAL
PREJUDICE WITH RESPECT TO CONTEMPLATED, OR EXISTING
LITIGATION, SUCH AS THE INABILITY TO MEET A FILING
DEADLINE OR PRESENT A CLAIM." Id. [SEE: APPENDIX. I.
CDCR. 22. FORM: APRIL 12. 2013. T. ELKIN; AND LETTER FROM
FRANK A. MC GUIRE MAY 9. 2013.] RESPONDENTS' CONTINUE
TO IMPEDE All ACCESS TO COURTS AS CONSTITUTIONALLY
ESTABLISHED. [SEE: APPENDIX. "A". KERN COUNTY SUPERIOR
COURT. CASE NO. HC 01335A.] HABEAS RELIEF IS ALSO AVAIL-
ABLE IF THE STATE COURT'S DECISION "INVOLVED AN UN-

REASONABLE APPLICATION" OF CLEARLY ESTABLISHED FEDERAL LAW, OR WAS BASED ON AN UNREASONABLE DETERMINATION OF THE FACTS" In LIGHT OF THE RECORD BEFORE THE COURT. HARRINGTON V. RICHTER __ U.S. __, 131 S.CT. 770, 785 (2011) ((iTinG: 28 U.S.C. SECTion 2254 (d) (1). On AUGUST 21. 2013. THE CALIFORNIA SUPREME COURT, ISSUED A SUMMARY DENIAL [SEE. APPENDIX. C.] CASE NO. S210955. RICHTER, 131 S.CT. 785; On OCTOBER 23. 2013. THE REQUEST AND FILING FEE WAS PROCESSED AND FOWARDED FOR TRUST ACCOUNT OFFICE (FiLinG FEE OF FIVE — DOLLARS. CHECK NO. 198-623298). SEE CALDWELL V. AMEND (9TH CiR. 1994) 30 F.3d 1199; HOUSTON V. LACK (1998) 487 U.S. 266 (108 S.CT. 2379; 101 LED. 245] A PRISONER'S CONTROL OVER THE PROCESSING OF HIS NOTICE NECESSARILY CEASES AS SOON AS HE HANDS IT OVER TO THE PRISON AUTHORITIES.) CADWELL, 30 F.3d 1199.

On FEBRUARY 11. 2014, PETITIONER RECIEVED A COURT — ORDER OF DISMISSAL WITH LEAVE TO AMEND [DOC. 5.]

On FEBRUARY 21. 2014, PETITIONER AMENDS WRIT FOR RELIEF BASED On AII COLLECTIVE CLAIMS [ONE; TWO; THREE] AND SUPPORTING DOCUMENTS. RICHTER, 131 S.CT. 785, CiTinG. 28. U.S.C. SECTion. 2254. (d) (1); (d) (2). [SEE. EXHITS; AND APPENDIX. [A].

EX POST FACTO claim REGARDING CALIFORNIA
Penal CODE Section. 2933.6 (9).

RESPONDENTS' PLACED PETITIONER In ADMINIST-
RATIVE SEGREGATION on AUGUST 6. 2003. RESULTING in
THE (360) DAY LOSS OF CREDITS FOR RULES VIOLATION
REPORT, (RVR) LOG. no. C0308010; AND THE REFERAL TO
THE DISTRICT ATTORNEY AS A RESULT OF conviction
on July 27. 2007. PEOPLE J. Romo, SACRAMENTO SUPERIOR
COURT CASE no. 04F05989.

On JANUARY 25. 2010. RESPONDENTS' APPLIED
PENAL CODE 2933.6(9). PLACING PETITIONER AT A
DISADVANTAGE OF A ZERO-CREDIT EARNING AND
LENGHTEN A RELEASE DATE FROM NOVEMBER 28. 2013
On THROUGH FEBRUARY 5. 2014. VIOLATED CALIFORNIA
CONSTITUTION ARTICLE I. SECTION 10; AND FEDERAL
U.S. CONSTITUTION EX POST FACTO CLAUSE ARTICLE
I SECTION [SEE. APPENDIX. [A]; EXHIBIT. 5]

PETITIONER WAS ORDERED RE-SENTENCED On
NOVEMBER 21. 2009. ACCORDING TO SENTENCING LAWS
APPLIED, A TERM OF FOUR-YEARS UNDER " TWO-
STRIKES" LAW WITH AN ACCURAL RATE OF 20 %
TWENTY-PERCENT. PEOPLE J. SUPERIOR COURT (
ROMERO) 1996, 13 CAL. 4th 497, 53 CAL. RPTR. 2d 789.

THE APPLICATION OF PENAL CODE 2933.6 (9)
VIOLATES THE EX POST FACTO CLAUSE; ALTERING
A PRISON GANG LABEL FROM AN ADMINISTRATIVE
TO DISCIPLINARY [misconduct] ABSENT GUILT FOR
ALLEGED MISCONDUCT, ATTACHES A VIOLATION OF

" DUE PROCESS"... A | PROCEDURAL due PROCESS| Violation
in THE Prison SETTING is PARTICULARLY DAUNTING,
Id. " . A PRISONER is NOT WHOlly STRIPPED OF
constitutional PROTECTIONS WHEN HE IS IMPRISON
ED FOR A CRIME." (Quoting. Wolff V. McDonnell,
418 U.S. 539, 555-56, 94 S.CT. 2963, 41 L.Ed.2d 935
(1974). SEE ALSO BRUCE V. YIST, 351 F.3d 1283, 1287
(9th CiR. 2003)."ESSENTLY A MATTER OF ADMISTRATIVE
DisCRETION"

RESPONDENTS' PARTIALLY GRANTED THE RESTORATION
OF D1D CREDITS FROM FEBRUARY 24.2009, UNTIL THE
THE APPLICATION OF PENAL CODE 2933.6 (9). IN JAN.
25.2010; SEE: 602 LOG.NO. CCI.01000356 |EXHIBIT.5|
SINCE FILING THIS PETITION, RESPONDENTS NOW
HAVE LENGHTENED PETITIONER'S EARLY RELEASE
DATE TO THE MAXIMUM OF EIGHT-YEARS ON
THROUGH FEBRUARY 5.2015. SEE LYNCE V. MATHIS,
519 U.S. 433, 466-49 (1997) |"RETROABTIVE CANCELL-
ATION OF PRISON CREDITS HAD IMPERMISSIBLE
EFFECT OF LENGHTENING PERIOD OF INCARCERATION
IN ViolATION OF EX POST FACTO CLAUSE."| THE
UNITED STATES SUPREME COURT'S CONSTRUCTION OF
FEDERAL CONSTITUTIONAL RIGHTS IS BINDING ON
ALL COURTS... PEOPLE V. SNOOK (1997) 16 CAL.4th
1210, 1220.) THE EXPOST FACTO CLAUSE UNDER THE
STATE CONSTITUTION is INTERPRETED NO DIFFERENTLY
THAN iTS FEDERAL COUNTERPART. (Ibid); SEE ALSO
HUNTER V. AYERS, 336 F.3d 1007, 1011.

# Conclusion.

PETITIONER IS WITHOUT REMEDY SAVE FOR WRIT OF HABEAS CORPUS PURSUANT TO 28.U.S.C. SECTION. 2254:

1. ISSUE A WRITO OF HABEAS CORPUS "EXPEDITED" OR AN ALTERNATIVE WRIT;

2. DECLARE PETITIONER'S CONSTITUTIONAL RIGHTS AND REVERSE/EXPUNGE THE VALIDATION AND A RESTORATION OF CREDIT(S); RELEASE TO GENERAL PRISON POPULATION;

3. ORDER AN [INFORMAL] EVIDENTIARY HEARING/AN ORDER TO SHOW CAUSE;

4. APPOINT COUNSEL/AND REASONABLE ATTORNEY FEES IN APPOINTMENT OF COUNSEL;

5. GRANT ANY AND AII RELIEF NECESSARY OR APPROP IATE DEEMED BY THE COURT.

IN PRO SE:

RESPECTFULLY SUBMITTED,

EZEQUIEL ROMO
PBSP-SHU D9202
P.O. BOX 7500
CRESCENT CITY CA
95532.

I DECLARE UNDER PENALTY OF PERJURY UNDER LAWS OF THE STATE OF CALIFORNIA, THE FOREGOING IS TRUE AND CORRECT. EXECUTED ON FEBRUARY 21. 2014. BY PLACING AII DOCUMENTS IN LEGAL MAIL AT CRESCENT CITY CA, 95532. 28.U.S.C.1746.

# *Exhibit 1*



## ·. CALIFORNIA CORRECTIONAL INSTITUTION
## SECOND LEVEL APPEAL RESPONSE

B 8A-2ion

**DATE:** November 14, 2011

**NAME/NUMBER:** Romo, K-38661

**APPEAL LOG NUMBER:** CCI-0-11-01278

**INTERVIEWED BY:** T. Miner, Correctional Counselor II

**APPEAL DECISION:** ~~DENIED~~ Partially Granted

**APPEAL ISSUE:** CUSTODY/CLASSIFICATION

Appellant documents that on October 4, 2011, he was seen by the Institutional Classification Committee (ICC) for his Security Housing Unit (SHU) Annual Review. The appellant disagrees with ICC's action of retaining the appellant into SHU. On August 16, 2011, the appellant stated that the Institutional Gang Investigators (IGI) took pictures of the appellant and that the appellant was not issued any relevant documents to submit for a rebuttal for review/determination upon the Office of Officer Safety. The appellant states he has not received any California Department of Corrections and Rehabilitation (CDCR) 115, *Rules Violation Report*, or any documented gang activity as detailed by the California Code of Regulation (CCR), Title 15, Sections 3000 and 3023 ·

The appellant is requesting to be release from SHU to a General Population (GP) facility.

The appellant is requesting to be afforded the procedural due process of a six-year review and relevant documentation.

The appellant is requesting to be placed back on double-cell status.

The appellant is requesting to be transferred as endorsed by the Classification Staff Representative (CSR).

The appellant is requesting compensatory and punitive damages.

**APPEAL RESPONSE:**

On November 14, 2011, the appellant was interviewed by T. Miner, Correctional Counselor II; the appellant had nothing new to add to his appeal.

The appellant's request to be release from SHU to a GP facility is **DENIED**. The appellant has been validated by the Office of Officer Safety, per CDCR-128B, *General Chrono*, dated June 21, 2005. On August 17, 2011, IGI authored a CDCR-128B, a direct link chrono noting that the appellant is continuing his association and is in good standings with the Mexican Mafia. Per the Castillo Settlement, ICC is only to review an Indeterminate SHU Term and review the inmate's current gang status and indicate the status on the CDCR-128G, *Classification Chrono*. Per CCR,

Second Level Appeal Response
Inmate Romo, K-38661
CCI-0-11-01278
Page 2

Title 15, Section 3341.5 (A), *Indeterminate SHU Segregation*, which states in part, *A validated prison gang member or associate is deemed to be a severe threat to the safety of others or the security of the institution and will be placed in a SHU for an indeterminate time.*

CCR, Title 15, Section 3023, *Gang Activity*, states in part,

(a) *Inmates and parolees shall not knowingly promote, further or assist any gang as defined in section 3000.*
(b) *Gangs, as defined in Section 3000, present a serious threat to the safety and security of California prisons.*
(c) *For the purpose of specific gang participant identification, the department categorizes gangs into prison gangs and disruptive groups as defined in Section 3000.*

The appellant can debrief to be released from SHU.

The appellant's request to be to be afforded the procedural due process of a six-year review and relevant documentation is **PARTIALLY GRANTED**. ICC does not conduct the inactive reviews per the Castillo Act; however, the appellant can submit his request in writing to IGI as well as for all documents used in the six-year inactive review for the rebuttal process.

The appellant request to be placed back on double-cell status is **DENIED**. ICC is pending an IGI review into the appellant's safety issues. ICC will revisit the appellant's single-cell status on the appellant's 180-day review on or about February 7, 2012. Per CCR, Title 15, Section 3377.1 (c), which states in part, *The Committee's decision to affix the "S" suffix shall be based on documented evidence that the inmate may not be safely housed in a double cell or dormitory situation based on recommendation by custody staff.*

The appellant's request to be transferred as endorsed by the CSR is **PARTIALLY GRANTED**. The CSR endorsed the appellant to Pelican Bay State Prison (PBSP) SHU on May 5, 2011; the appellant is currently waiting for an available bus seat to PBSP-SHU.

The appellant's request to receive compensatory and punitive damages will not be addressed in this appeal as it is beyond the scope of the appeal process.

Based on the aforementioned information, the appellant's appeal is being **PARTIALLY GRANTED** at the Second Level of Review.

M. Bryant                    11/17/11
M. BRYANT                  Date
Associate Warden (A)
Facilities A and B

K. HOLLAND                 Date   11/22/11
Chief Deputy Warden
Facilities A, B, & IHCS

25.

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS AND REHABILITATION
OFFICE OF APPEALS
P. O. BOX 942883
SACRAMENTO, CA  94283-0001

## THIRD LEVEL APPEAL DECISION

Date: APR 2 5 2012

In re:    Ezequiel Romo, K38661
California Correctional Institution
P.O. Box 1031
Tehachapi, CA  93581

TLR Case No.:  1107122        Local Log No.:  CCI-11-01278

This matter was reviewed on behalf of the Director of the California Department of Corrections and Rehabilitation (CDCR) by Appeals Examiner K. Kostecky, Facility Captain. All submitted documentation and supporting arguments of the parties have been considered.

I   APPELLANT'S ARGUMENT:  It is the appellant's position that the California Correctional Institution (CCI) Institution Classification Committee (ICC) violated his rights. The appellant wrote that he disagreed with ICC's decisions and listed perceived improprieties with his validation. The appellant also wrote that he was endorsed for transfer and re-endorsed for transfer again. The appellant requests to be released from the Security Housing Unit (SHU), that he be "afforded the procedural due process of a six year review and relevant documentation," that he be returned to double cell status, that he be transferred as endorsed by the Classification Staff Representative (CSR), and "compensatory and punitive damages."

II   SECOND LEVEL'S DECISION:  The reviewer found that the appellant was appropriately housed and classified and he did not substantiate his claims with sufficient facts or evidence to support fully granting this appeal. The reviewer found that the appellant has been validated by the Office of Correctional Safety as an associate of the Mexican Mafia prison gang (EME). In accordance with the "*Castillo Decision*," the appellant's current gang status is reviewed and recorded on a CDC Form 128-G, Classification Chrono. The reviewer also found that pursuant to California Code of Regulations, Title 15, Section (CCR) 3341.5(A), the appellant's association with the EME require the Indeterminate SHU term he has been assigned to. The appellant was assured that he would be afforded all procedural due process rights and explained the process for obtaining documents from the Institution Gang Investigator.

A review of the appellant's safety concerns prevented placing him on double cell status and the reviewer noted that the CSR endorsed the appellant to Pelican Bay State Prison on May 5, 2011, and he is waiting for an available bus seat. This appeal was partially granted at the Second Level of Review (SLR).

III   THIRD LEVEL DECISION:  Appeal is denied.

A.  FINDINGS:  At the Third Level Review (TLR), the examiner finds that the institution's administration reviewed and evaluated the appellant's claims. An appeal inquiry was conducted by appropriate institution staff and, despite the appellant's dissatisfaction, no evidence of violation of policy or regulation by institutional personnel was found. The examiner finds that the ICC did consider the appellant's release from the SHU, but because of his case factors, he was ineligible for release at the time of the ICC review.

The examiner finds that the SLR addressed the appellant's issues, as stated in Sections A and B of this appeal. The institution's documentation and arguments are credible and demonstrate that the appellant has not supported his allegations with sufficient facts or evidence to require modifying the SLR. In addition, the examiner finds that the appellant's request for monetary compensation will not be addressed in this appeal as it is beyond the scope of the appeals process. The examiner concurs with the SLR and relief at the TLR is not warranted.

EZEQUIEL ROMO, K38661
CASE NO. 1107122
PAGE 2

The examiner notes that the appellant raises new issues and has added new requests in Section F of this appeal. The additional requested action is not addressed herein as it is not appropriate to expand an appeal beyond the initial problem and the initially requested action (CDC Form 602, Inmate/Parolee Appeal Form, Sections A and B) in accordance with CCR 3084.2(a)(4) and CDC Operations Manual, Section (DOM) 54100.6.

B. BASIS FOR THE DECISION:
CCR: 3001, 3023, 3084.1, 3084.2, 3084.3, 3084.4, 3084.7, 3341.5, 3375, 3375.1, 3375.2, 3375.3, 3376, 3377.1, 3380
DOM: 54100.4, 54100.6, 54100.8, 54100.10, 54100.12, 54100.13

C. ORDER: No changes or modifications are required by the Institution.

This decision exhausts the administrative remedy available to the appellant within CDCR. If dissatisfied, the appellant may forward this issue to the California Victims Compensation and Government Claims Board, Government Claims Unit, P.O. Box 3035, Sacramento, CA 95812-3035, for further review.

R. KOSTECKY, Appeals Examiner
Office of Appeals

cc: Warden, CCI
    Appeals Coordinator, CCI

J. D. LOZANO, Chief
Office of Appeals

27.

*Exhibit 2*

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS AND REHABILITATION
CDCR 128-B (Rev. 4/74)

NAME and NUMBER: Romo, Ezequiel        K38661        HOUSING: CCI-FACILITY-B

On 8/31/2011 the Institution Gang Investigations Unit (IGI), completed an investigation of Inmate Romo, Ezequiel, K38661, moniker "Eze/Wicked", regarding his current gang status. (*Hereafter Romo will be referred to as SUBJECT*) On 6/21/2005, SUBJECT was originally validated as an associate of the **Mexican Mafia** prison gang. Per the California Code of Regulations (CCR) Title 15, Section 3378, there is sufficient evidence to update SUBJECT'S status as an associate of the **Mexican Mafia** prison gang.

The following documents are being submitted relative to this investigation:

1) **Source Document (Association/Direct Link)** CDCR Chrono 128B dated 8/17/11, authored by F. Rivera.
2) **Source Document (Debriefing Reports)** Confidential Memorandum dated 7/12/11, authored by R. Crum.
3) **Source Document (Debriefing Reports)** A Confidential Memorandum dated 7/27/10, authored by R. Crum.
4) **Source Document (Communications/Direct Link)** Confidential Memorandum dated 4/30/2010, authored by L. Wallace.
5) **Source Document (Communications/Direct Link)** Confidential Memorandum dated 11/13/2009, authored by B. Medrano.
   **(Archives)** Subject is currently on this CDCR number therefore there are no current information was found to utilize in the validation process.
   **(WSIN)** No additional information was provided by this source.
   **(Local Law Enforcement)** No additional information was provided by this source.
   **(Paroles/Leads)** No additional information was provided by this source.
   **(Cal Gangs)** No additional information was provided by this source.
   **(SSU/OCS)** No additional information was provided by this source.

DISCLOSURE AND NOTIFICATION
SUBJECT has a TABE Score of 10.5, therefore, SUBJECT does not require staff assistance.  SUBJECT is not a participant in the Mental Health Delivery System.

On 11/7/11 SUBJECT was disclosed all information utilized in the validation process; however the original 24 hour evidence disclosure and interview notificationl form contained incorrect descriptions on the source items to number 1, 2, and 3.  On 11/9/2011, at 0930 hours SUBJECT was disclosed all corrected information being utilized in the validation process.  If applicable, SUBJECT was disclosed confidential information via CDCR 1030 (Confidential Information Disclosure Form).  SUBJECT was further advised an interview regarding the information obtained during this investigation would be held not less than 24-hours from the time of the disclosure.  The original rebuttal form with the date of 11/7/2011will be submitted with the revised rebuttal form dated 11/9/2011.

INTERVIEW

On 11/10/2011, at 0945 hours SUBJECT was interviewed regarding the documents utilized in the prison gang validation package to identify SUBJECT as an associate of the **Mexican Mafia** prison gang.  SUBJECT provided a written response addressing all documents used in the review process.  SUBJECT did not add any further statement.

CONCLUSION

Upon reviewing the written response and after a thorough review of the evidence, it was determined SUBJECT'S claims have no merit and do not warrant further investigation.  The IGI has concluded there is sufficient evidence to update **Romo, Ezequiel, K38661** as an associate of the **Mexican Mafia** prison gang.

The aforementioned information will be forwarded to the Office of Correctional Safety for review and acceptance of SUBJECT'S prison gang validation.


F. Rivera
Assistant-Institutional Gang Investigator
California State Prison

J. Tyree
Institutional Gang Investigator (A)
California State Prison

Orig:  C-File
cc:    OCS
       IGI Unit
       Inmate

DATE: 11/10/2011

GANG VALIDATION CHRONO
(UPDATE/REVIEW)

CDCR 128B

# Exhibit 3

STATE OF CALIFORNIA                                      DEPARTMENT OF CORRECTIONS AND REHABILITATION
CDC 128-B-2 (4/07)

NAME: ROMO, Ezequiel                                             CDCR NUMBER: K38661

                                                                            AUG 2 4 2012
On December 6, 2011 a gang validation package regarding subject was received from Institution Gang Investigator Tyree at CCI.    MAY 3 1 2012

                                                        TOTAL NUMBER OF ITEMS SUBMITTED FOR REVIEW: (5)

The following items meet the validation requirements:                                    JUN 2 5 2012
                                                                                         JUL 2 0 2012

1.  CDC 128B dated August 17, 2011 (association direct link).
2.  Confidential debrief dated July 12, 2011 (debrief).
3.  Confidential debrief dated July 27, 2010 (debrief).
4.  Confidential memorandum dated April 30, 2010 (communications direct link).
5.  Confidential memorandum dated November 13, 2009 (communications direct link).


                        TOTAL NUMBER OF ITEMS WHICH MEET VALIDATION REQUIREMENTS: (5)

The following items do not meet the validation requirements and were/shall not be used as a basis for validation:


                    TOTAL NUMBER OF ITEMS WHICH DO NOT MEET VALIDATION REQUIREMENTS: (0)

                                        ACTION OF REVIEWER

Pursuant to the validation requirements established in CCR, Title 15 Section 3378, ROMO, Ezequiel is:

                            ☒  VALIDATED          ☐  REJECTED

as a Associate of the Mexican Mafia (EME) prison gang.



SPECIAL AGENT, REVIEWER                          SPECIAL AGENT, REVIEWER
        M. Buechner                                      D. Jakabosky
    PRINTED NAME                                     PRINTED NAME


DISTRIBUTION:                                        | ACTIVE/INACTIVE REVIEW
Original - Central File                              |
Copy - Classification & Parole Representative/Parole Administrator I  | August 16, 2017 Based on source item
Copy - Institutional Gang Investigator/Region Gang Coordinator       |                #
Copy – Office of Correctional Safety – Special Service Unit           |
Copy - Inmate/Parolee date: 12/28/11   by:                           | ELIGIBILITY DATE


Date:  12/13/2011          SSU GANG VALIDATION/REJECTION REVIEW              GENERAL CHRONO

31.

*Exhibit 4*

**INMATE/PAROLEE REQUEST FOR INTERVIEW, ITEM OR SERVICE**

AUG 2 4 2012

## SECTION A: INMATE/PAROLEE REQUEST

| NAME (Print):    (LAST NAME)    (FIRST NAME) | CDC NUMBER: | SIGNATURE: |
|---|---|---|
| Romo    Ezequiel | K'38661 | Romo Ezequiel |

| HOUSING/BED NUMBER: | ASSIGNMENT: | HOURS FROM_____ TO_____ | TOPIC (I.E. MAIL, CONDITION OF CONFINEMENT/PAROLE, ETC.): |
|---|---|---|---|
| 4B'8A'210 | | | |

CLEARLY STATE THE SERVICE OR ITEM REQUESTED OR REASON FOR INTERVIEW: I APPEARED BEFORE CLASSIFICATION 180 DAY REVIEW ON 2/14/12 AND DISAGREED WITH VALIDATION AND RE-VALIDATION I HAVE NOT RECIEVED 128B'2 DATED 12/3/11. I ALSO DISAGREE WITH THE Single CELL STATUS AND REQUEST 128G OF COMMITTEE DECISION TO APPEAL. THANK YOU.

METHOD OF DELIVERY (CHECK APPROPRIATE BOX ) **NO RECEIPT WILL BE PROVIDED IF REQUEST IS MAILED **
☒ SENT THROUGH MAIL:  ADDRESSED TO: COUNSELER                                DATE MAILED: 2 /14 /12
☐ DELIVERED TO STAFF (STAFF TO COMPLETE BOX BELOW AND GIVE GOLDENROD COPY TO INMATE/PAROLEE):

| RECEIVED BY: PRINT STAFF NAME: | DATE: | SIGNATURE: | FORWARDED TO ANOTHER STAFF? (CIRCLE ONE)    YES    NO |
|---|---|---|---|
| | | | |

| IF FORWARDED – TO WHOM: | DATE DELIVERED/MAILED: | METHOD OF DELIVERY (CIRCLE ONE)  IN PERSON    BY US MAIL |
|---|---|---|
| | | |

## SECTION B: STAFF RESPONSE

| RESPONDING STAFF NAME: | DATE: | SIGNATURE: | DATE RETURNED: |
|---|---|---|---|
| | | | |

## SECTION C: REQUEST FOR SUPERVISOR REVIEW
PROVIDE REASON WHY YOU DISAGREE WITH STAFF RESPONSE AND FORWARD TO RESPONDENT'S SUPERVISOR IN PERSON OR BY US MAIL.  KEEP FINAL CANARY COPY.

| SIGNATURE: | DATE SUBMITTED: |
|---|---|
| | |

## SECTION D: SUPERVISOR'S REVIEW

| RECEIVED BY SUPERVISOR (NAME): | DATE: | SIGNATURE: | DATE RETURNED: |
|---|---|---|---|
| | | | |

Distribution: Original - Return to Inmate/Parolee; Canary - Inmate/Parolee's 2nd Copy; Pink - Staff Members Copy; Goldenrod - Inmate/Parolee's 1st Copy.

- 33 -

STATE OF CALIFORNIA
**INMATE/PAROLEE REQUEST FOR INTERVIEW, ITEM OR SERVICE**
CDCR 22 (10/09)

DEPARTMENT OF CORRECTIONS AND REHABILITATION
AUG 2 4 2012    JUL 2 0 2012

JUN 2 5 2012 MAY 3 1 2012

## SECTION A: INMATE/PAROLEE REQUEST

| NAME (Print): (LAST NAME) (FIRST NAME) | CDC NUMBER: | SIGNATURE: |
|---|---|---|
| RONO EZEQUIEL | K 38661 | Rono Ezequiel |

| HOUSING/BED NUMBER: | ASSIGNMENT: | TOPIC (I.E. MAIL, CONDITION OF CONFINEMENT/PAROLE, ETC.): |
|---|---|---|
| 4B-8A-210 | D2D/SHU. | HOURS FROM_____ TO_____ | COMMITTEE 128G/CDCR128B2 |

CLEARLY STATE THE SERVICE OR ITEM REQUESTED OR REASON FOR INTERVIEW (I) RECIEVED YOUR RESPONSE BUT NOT THE
SPECIFIC DOCUMENT(S) REQUESTED. MRS/MS: HARVEY YOUR CORRECT THAT (2/14/12) AT
COMMITTEE WHICH I DISAGREED WITH ICC ACTION AS THEY STATED I WAS RE-VALIDATED
ON 12/13/12 NOT HAVING RECIEVED THE 128B2 IN COMMITTEE I REQUESTED BOTH
DOCUMENTS AND OF NUMEROUS REQUESTS SUBMITED NOT RETURNED/OR NO RESPONSE
TO BE SPECIFIC YOU SENT A DOCUMENT NOT REQUESTED IN MARCH AND DID NOT
SIGN AND STATE A RESPONSE PLEASE UNDERSTAND IM ONLY REQUESTING SPECIFIC DOCUMENTS.

METHOD OF DELIVERY (CHECK APPROPRIATE BOX ) **\*\*NO RECEIPT WILL BE PROVIDED IF REQUEST IS MAILED \*\***
☐ SENT THROUGH MAIL: ADDRESSED TO: CCI HARVEY                                   DATE MAILED: 5/11/12
☒ DELIVERED TO STAFF (STAFF TO COMPLETE BOX BELOW AND GIVE GOLDENROD COPY TO INMATE/PAROLEE):

| RECEIVED BY: PRINT STAFF NAME: | DATE: | SIGNATURE: | FORWARDED TO ANOTHER STAFF? |
|---|---|---|---|
| | | | (CIRCLE ONE)   YES   NO |

| IF FORWARDED – TO WHOM: | DATE DELIVERED/MAILED: | METHOD OF DELIVERY: |
|---|---|---|
| | | (CIRCLE ONE)  IN PERSON   BY US MAIL |

## SECTION B: STAFF RESPONSE

| RESPONDING STAFF NAME: | DATE: | SIGNATURE: | DATE RETURNED: |
|---|---|---|---|
| S Harvey | 5-15-12 | | |

ALL REQUESTED COPIES SENT 5-15-12, including
LATEST 128B2 IN FILE.

## SECTION C: REQUEST FOR SUPERVISOR REVIEW

PROVIDE REASON WHY YOU DISAGREE WITH STAFF RESPONSE AND FORWARD TO RESPONDENT'S SUPERVISOR IN PERSON OR BY US MAIL. KEEP FINAL CANARY COPY.

| SIGNATURE: | DATE SUBMITTED: |
|---|---|
| | |

## SECTION D: SUPERVISOR'S REVIEW

| RECEIVED BY SUPERVISOR (NAME): | DATE: | SIGNATURE: | DATE RETURNED: |
|---|---|---|---|
| | | | |

STATE OF CALIFORNIA — DEPARTMENT OF CORRECTIONS AND REHABILITATION                    EDMUND G. BROWN JR., GOVERNOR

**OFFICE OF APPEALS**

1515 S Street, Sacramento, CA 95814
P.O. Box 942883
Sacramento, CA 94283-0001



September 28, 2012

ROMO, EZEQUIEL, K38661
California Correctional Institution
P.O. Box 1031
Tehachapi, CA 93581

RE: TLR# 1203356    CCI-12-01329    CASE INFO/RECORDS

The Office of Appeals, California Department of Corrections and Rehabilitation (CDCR) acts as the third level of review as established in California Code of Regulations (CCR) Title 15, Article 8. The Office of Appeals examines and responds to inmate and parolee appeals, after the institution or parole region has responded at the Second Level of Appeal.

Your appeal has been rejected pursuant to the California Code of Regulations, Title 15, Section (CCR) 3084.6(b)(15). You have submitted the appeal for processing at an inappropriate level bypassing required lower level(s) of review.

J. D. LOZANO, Chief
Office of Appeals

Be advised that you cannot appeal a rejected appeal, but should take the corrective action necessary and resubmit the appeal within the timeframes specified in CCR 3084.6(a) and CCR 3084.8(b). Pursuant to CCR 3084.6(e), once an appeal has been cancelled, that appeal may not be resubmitted. However, a separate appeal can be filed on the cancellation decision. The original appeal may only be resubmitted if the appeal on the cancellation is granted.

****PERMANENT APPEAL ATTACHMENT - DO NOT REMOVE****

Chief Inmate Appeals:

(Re Log No CCI 01201329 Log And Process).

Please Take Notice, Appeals Coordinator(s) At CCI, Tehachapi Fail To Adhere To Timely Filed Grievance And Attached Document(s) Enclosed By Continuous Denial And Acceptance Of Administrative Appeal Is A Blatant Denial Of Access To Courts By Redress Of Adverse Action CCR. Title. 15, 3084.) U.S. Constitution First, Eight, 14th Amendments:

Specifically On May 28. 2012 Administrative Appeal Was Filed Due To Issuance Of CDCR 128 B 12 On May 15. 2012. by Counselor CCI, S. Karney As Beyond The 313 Day Time Limit On February 14. 2012 Classification Notified Appellant Of The Validation
Case Records Nor F. Riveria Failed To Issue The CDCR 128 B 12 Dated December 13. 2011.
A Review Of CDCR 22 Forms Dated (2/14/12) And (5/11/12) Clarify The Supporting Documents. Appeals Reviewers Have Failed To Adhere To 3084. Appeals Guidelines.

September 13. 2012.

Respectfully Submitted
Ezequiel Roura
Ezequiel Roura
NBI 8A 240 (8m) P.O. BOX 1903
Tehachapi, Ca 93581

36.

INMATE/PAROLEE APPEAL
CDCR 602 (REV. 08/09)                                                                        Side 1

| | IAB USE ONLY | |
|---|---|---|
| 1203356 K38661 | Institution/Parole Region: | Log #: | Category: 6 |
| | FOR STAFF USE ONLY | |

*TE PRISON CHACHA HU...*

...... Department of Corrections and Rehabilitation (CDCR) decision, action, condition, policy or regulation that has a material adverse effect upon your welfare and for which there is no other prescribed method of departmental review/remedy available. See California Code of Regulations, Title 15, Section (CCR) 3084.1. You must send this appeal and any supporting documents to the Appeals Coordinator (AC) within 30 calendar days of the event that lead to the filing of this appeal. If additional space is needed, only one CDCR Form 602-A will be accepted. Refer to CCR 3084 for further guidance with the appeal process. No reprisals will be taken for using the appeal process.

Appeal is subject to rejection if one row of text per line is exceeded.                    WRITE, PRINT, or TYPE CLEARLY in black or blue ink.

| Name (Last, First): ROMO EZEQUIEL | CDC Number: K 38661 | Unit/Cell Number: 4/B-8A-210 | Assignment: SHU |
|---|---|---|---|

State briefly the subject of your appeal (Example: damaged TV, job removal, etc.):
(RE-VALIDATION CHRONO 128 B'2 DATED DECEMBER 13. 2012)

MAY 31 2012

A. Explain your issue (If you need more space, use Section A of the CDCR 602-A): PLEASE TAKE NOTICE
PURSUANT TO CCR TITLE 15.; 3084.1. (a) (d.):
1). COUNSELER S. HARVEY HAS ISSUED CDCR 128 B'2 CHRONO FIVE (5) MONTHS
BEYOND THIRTY (30) DAY TIME LIMITS. SEE: ATTACHED CDCR FORM 22.

>16 75 IL 7
CSAT-12-01329

JUN 25 2012
JUL 20 2012
AUG 24 2012

B. Action requested (If you need more space, use Section B of the CDCR 602-A): 1). EXPUNGEMENT OF
VALIDATION PRISON GANG (ABEL CHRONO 128 B'2 ; 2). DAMAGES OF FIFTY (50)
THOUSAND DOLLARS FROM (DEFENDANT(S)) VIOLATION OF CONSTITUTIONAL
ESTABLISHED RIGHTS. (42 U.S.C. 1983 DEMAND FOR JURY TRIAL.); 3).

Supporting Documents: Refer to CCR 3084.3.
☒ Yes, I have attached supporting documents.
List supporting documents attached (e.g., CDC 1083, Inmate Property Inventory; CDC 128-G, Classification Chrono):
CDCR 22 FORM DATED MAY 15. 2012          3. CDCR 22 FORM (2/14/12)
2. 128 B'2 CHRONO DATED 12/13/12          4. CDCR 22 FORM (5/16/12)

☐ No, I have not attached any supporting documents. Reason : _____

Inmate/Parolee Signature: Ezequiel Romo          Date Submitted: May 28. 2012

| | By placing my initials in this box, I waive my right to receive an interview.

INMATE APPEALS BRANCH
RECEIVED SEP 27 2012

C. First Level - Staff Use Only          Staff – Check One: Is CDCR 602-A Attached? ☒ Yes   ☐ No
This appeal has been:
☒ Bypassed at the First Level of Review. Go to Section E.
☒ Rejected (See attached letter for instruction) Date: ___ Date: 7-12-12 Date: ___ Date: ___
☐ Cancelled (See attached letter) Date: _____
☐ Accepted at the First Level of Review.
Assigned to: _____ Title: _____ Date Assigned: _____ Date Due: _____

First Level Responder: Complete a First Level response. Include Interviewer's name, title, interview date, location, and complete the section below.
Date of Interview: _____ Interview Location: _____
Your appeal issue is: ☐ Granted ☐ Granted in Part ☐ Denied ☐ Other: _____
See attached letter. If dissatisfied with First Level response, complete Section D.
Interviewer: _____ Title: _____ Signature: _____ Date completed: _____
(Print Name)
Reviewer: _____ Title: _____ Signature: _____
(Print Name)
Date received by AC: _____

| | AC Use Only Date mailed/delivered to appellant ___ / ___ / ___ |

STATE OF CALIFORNIA
INMATE/PAROLEE APPEAL FORM ATTACHMENT
CDCR 602-A (08/09)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

Side 1

STATE PRISON
CCI-TEHACHAPI
4B HOUSING

| IAB USE ONLY | Institution/Parole Region: | Log #: | Category: |
|---|---|---|---|
| | | | C |
| | | | GANG |
| | FOR STAFF USE ONLY | | |

Attach this form to the CDCR 602, only if more space is needed. Only one CDCR 602-A may be used.

Appeal is subject to rejection if one row of text per line is exceeded.    WRITE, PRINT, or TYPE CLEARLY in black or blue ink.

| Name (Last, First): | CDC Number: | Unit/Cell Number: | Assignment: |
|---|---|---|---|
| ROMO EZEQUIEL | KV38661 | 4B18A# 210 | SHU |

A. Continuation of CDCR 602, Section A only (Explain your issue): 2). THE CHRONO DOES NOT
DOCUMENT ANY DISPOSITION OF EZEQUIEL ROMO REBUTTAL ON EACH
INDIVIDUAL SOURCE ITEM(S), SUBMITTED TO THE INSTITUTIONAL GANG
INVESTIGATOR ON NOVEMBER 6th AND 7th OF 2011, PRIOR TO THE VALID-
ATION PACKAGE FORWARDED TO SACRAMENTO (OCS) DETERMINATION OF
VALIDATION AND REJECTION ON DECEMBER 6-2011. (SEE ATTACHED 128B2)
3). LACK OF TIMELY DISCLOSURE OF DOCUMENT(S) AND IMPARTIAL
DECISION MAKER RESULTED IN VALIDATION AND RE-VALIDATION OF
PRISON GANG LABEL. CCR. TITLE. 15., 3378. et seq.

Points And Authorities.
1. CAL. Code. Reg. TITLE. 15., et seq.
2. CALIFORNIA Constitution ARTICLE(S) I. Sec. 7(a), 15(d).
3. UNITED STATES Constitution FIRST, EIGHT, FOURTEENTH
   AMENDMENTS.
       PARTIES To Complaint
1. EZEQUIEL Romo (Plaintiff) KV38661.
2. John And Jane Does (Defendants).

Inmate/Parolee Signature: Ezequiel Romo    Date Submitted:
May 28. 2012

MAY 3 1 2012
S16 A3-162
CCI-012-00329

JUN 2 5 2012
JUL 2 0 2012
AUG 2 4 2012

RECEIVED
SEP 17 2012
INMATE APPEALS BRANCH

IAB
CS

B. Continuation of CDCR 602, Section B only (Action requested): Any DECLATORY RELIEF DEEMED APPROPIATE
BY THE COURT (COMPENSATORY AND PUNITIVE DAMAGES).

Inmate/Parolee Signature: Ezequiel Romo    Date Submitted: May 28. 2012

APPEALS COORDINATOR(S):                                    AUG 2 4 2012

(RE: LOG NO CCI 012 01329 . RE-SUBMITT FOR PROCESSING )

ATTENTION, I. ALOMARI .

PLEASE TAKE NOTICE, THIS APPEAL WAS ORIGINALLY SUBMITTED MAY 28. 2012.
BASED ON ISSUANCE OF CDC 128B2 (DATED 12/13/12) GIVEN TO ME ON MAY 15. 2012
CASE RECORDS / IGI . K. RIVERA NEVER ISSUED THE DOCUMENT. UPON THE
CLASSIFICATION OF 2/14/12 . I WAS NOTIFIED OF RE-VALIDATION AND SUBMITTED
CDCR 22 FORM (SEE ATTACHED) ON MAY 15. 2012 COUNSELER S. HARVEY WAS THE
ONE TO ISSUE THE CDC 128/B2 AND AS ALL DOCUMENTS STATE MY OWN
ADMISSION ARE CONSISTENT WITH THE TIME CONSTRAINTS AS OCCURRED
THESE ARE SUPPORTING DOCUMENTS. [CCR. 3084. (C) ; 3084.5.(b)(3) ; 3084.6.
(a)(3); AND FIRST AMENDMENT U.S. CONSTITUTION (MEANINGFUL ACCESS TO
REDRESS AN ADVERSE ACTION/DECISION OR POLICY)

AUGUST 18. 2012 .

RESPECTFULLY SUBMITTED,
EZEQUIEL ROMO K'38661
CCI 4B 8A 210 (SHU)

Appeals Coordinator(s).
I. Alomari.

(Re: log/Process 602 log no. 0120 1329.).

please Take Notice Re-Submitting Pursuant to 695
form Dated July 12. 2012. (CCR. Tit. 15. 3084.).

Originally On Feb. 14. 2012. During (ICC) Classification I
was Notified of Validation 128 B·2. Upon Returning I Sub-
mitted CDCR 22 form (ATTACHED).
CCI Harvey To this Day has Not Issued 128G. Of ICC
Committee decision. On Numerous Occasion(s) I've Submitted
CDCR 22 forms. No Response/And No Return.
On May 15. 2012. S. Harvey Finally Responded to CDCR form
22. Stating All Requested Documents were Sent. (See
Attached 22 form)

On October 24. 2011. Appellant 602 ICC decision. (602 log.
No. CCI 1101278)
Appellant 602's And Disagrees with Each Committee Decision.
This 128 B·2 dated (12/13/12) was Issued On May 15. 2012.
After Learning of Re-Validation On (2/14/12) See Attached
CDCR 22 form. Case Records Nor Institutional Gang
Investigator Failed To Issue The Document.
Appellant Has Been Timely And Diligent As with
All Othe 602 Appeals.
                                        Thank You.
July 18. 2012.                          EZEQUIEL Rowo!

JUL 2 0 2012

JUN 2 5 2012

AUG 2 4 2012

ATTn., ALOMARI
APPeals CoordinATor                    June 18. 2012.
CCI.

Re: Log No. CCI 0l201329.

PLEASE TAKE Notice, Im Re-SUBmiTTing G02 For
Process PurSuant To 3084.c:
128 B.2 WAS NoT Issued As dated December 13. 2011
Until APPealant Requested Documents; And On May 15. 2012
ADVerse EFFect Five Months AFTer Decision. 3084.1.(4)(d).
TAKE NoTice OF ATTACHed Documents CDCR 22 Form And
128B2. Counser S. Harvey Mentions Documents But
does NoT describe All other Only The 128 B-2.
Which APPellant SubmiTTed AM Recieved On May
28. 2012. (3084.5. (b) (3). ) 3084.6. (g) (3)).
APPellant WAS NoT Advised Who Issue(s) 128B-2.
But The FAct IT WAS Issued On May 15. 2012 APPellant
Timely SubmiTs This GRievence For Re-dress OF
ParoblEm Describe And Action Requested.
(First AmendmenT U.S. ConsTiTuTion.)

Thank You Cordially.
Eleymel Ramo
K38661
4B: 8A: 210
CCI: P.O. box 1906
Tehachapi Ca
93581.

41.

State of California
CDC FORM 695
Screening For:
CDC 602 Inmate/Parolee Appeals
CDC 1824 Reasonable Modification or Accommodation Request

RE: Screening at the SECOND Level

*STATE PRISON*
*CCI-TEHACHAPI*
*4B HU 8*

AUG 2 4 2012

*August 06, 2012*

*ROMO, K38661*
*B 008A2210001U*

CASE INFO./RECORDS, Gang Affiliation, 07/20/2012
Log Number: CCI-0-12-01329
(Note: Log numbers are assigned to all appeals for tracking purposes)

The enclosed documents are being returned to you for the following reasons:

*Once again your CDC128B2 notes you were given a copy on 12/28/11.  By your own admission you were made aware, by ICC on 2/14/12 of your validation, however, you did not file the appeal until 5/28/12.  This is a violation of time constraints.  If you have supporting documents which can show otherwise, attach to your appeal and resubmit.*

I. ALOMARI
Appeals Coordinator
California Correctional Institution

Be advised that you cannot appeal a rejected appeal, but should take the corrective action necessary and resubmit the appeal within the timeframes specified in CCR 3084.6(a) and CCR 3084.8(b).  Pursuant to CCR 3084.6(e), once an appeal has been cancelled, that appeal may not be resubmitted.  However, a separate appeal can be filed on the cancellation decision.  The original appeal may only be resubmitted if the appeal on the cancellation is granted.

State of California
CDC FORM 695
Screening For:
CDC 602 Inmate/Parolee Appeals
CDC 1824 Reasonable Modification or Accommodation Request

JUL 2 0 2012

JUN 2 5 2012

AUG 2 4 2012

RE: Screening at the FIRST Level

June 12, 2012

ROMO, K38661
B 008A2210001U

CASE INFO./RECORDS, Gang Affiliation, 05/31/2012
Log Number: CCI-0-12-01329
(Note: Log numbers are assigned to all appeals for tracking purposes)

The enclosed documents are being returned to you for the following reasons:

Your appeal has been rejected pursuant to the California Code of Regulations, Title 15, Section (CCR) 3084.6(b)(2). You have failed to demonstrate a material adverse effect upon your welfare. Material adverse effect means a harm or injury that is measurable or demonstrable, or the reasonable likelihood of such harm or injury. In either case, the harm or injury must be due to any policy, decision, action, condition, or omission by the department or its staff.

It is not the Counselor who issues a CDC 128B-2. It appears that you requested copies of documents to include the CDCR 128B-2 via CDCR Form 22 dated 05-11-12. A response to your CDCR 22 and copies of requested forms were sent you you on 05-15-12, well within the timeframes.

I. ALOMARI
Appeals Coordinator
California Correctional Institution

Be advised that you cannot appeal a rejected appeal, but should take the corrective action necessary and resubmit the appeal within the timeframes specified in CCR 3084.6(a) and CCR 3084.8(b). Pursuant to CCR 3084.6(e), once an appeal has been cancelled, that appeal may not be resubmitted. However, a separate appeal can be filed on the cancellation decision. The original appeal may only be resubmitted if the appeal on the cancellation is granted.

44.

*Exhibit 5*

45.

ABSTRACT OF JUDGMENT—PRISON COMMITMENT — DETERMINATE
SINGLE, CONCURRENT, OR FULL-TERM CONSECUTIVE COUNT FORM
*(Not to be used for multiple count convictions or for 1/3 consecutive sentences.)*

**FILED ENDORSED**
NOV 2 0 2009
By _____
Deputy Clerk

☑ SUPERIOR    COURT OF CALIFORNIA, COUNTY OF SACRAMENTO
☐ MUNICIPAL    BRANCH OR JUDICIAL DISTRICT

PEOPLE OF THE STATE OF CALIFORNIA vs.
DEFENDANT: EZEQUIEL MAURICIO ROMO XREF - 3977054

DOB: 04-27-77
POB: Unknown

CASE NUMBER
04F05789

AKA: names
CII#:
BOOKING #:

☐ NOT PRESENT
☑ RE-SENTENCE AFTER REMITTITUR

COMMITMENT TO STATE PRISON
ABSTRACT OF JUDGMENT

JUDGE    TIMOTHY M. FRAWLEY
PROBATION NO. OR PROBATION OFFICER    A-423,207    ☑ APPT'D.

DATE OF HEARING    11-20-2009    DEPT. NO.    29

CLERK    F. TEMMERMAN    REPORTER    D. CARTY, #3330

COUNSEL FOR DEFENDANT    JON LIPPSMEYER, CAC

COUNSEL FOR PEOPLE    DAVID BROWN, DDA

1. Defendant was convicted of the commission of the following felony:

| CNT. | CODE | SECTION NUMBER | CRIME | YEAR CRIME COMMITTED | DATE OF CONVICTION (MO./DATE/YEAR) | CONVICTED BY | | | TERM (L,M,U) | TIME IMPOSED | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | JURY | COURT | PLEA | | YRS | MOS |
| 1 | PC | 4501 | INMATE ASSAULT WITH DEADLY WEAPON | 2003 | 7/23/07 | X | | | M | 4 | 0 |

2. ENHANCEMENTS charged and found to be true TIED TO SPECIFIC COUNTS (mainly in the PC 12022 series). List each count enhancement horizontally. Enter time imposed for each or "S" for stayed. DO NOT LIST enhancements stricken under PC 1385.

| CNT. | ENHANCEMENT | Y/S | ENHANCEMENT | Y/S | ENHANCEMENT | Y/S | ENHANCEMENT | Y/S | TOTAL |
|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | |

3. ENHANCEMENTS charged and found to be true FOR PRIOR CONVICTION OR PRISON TERMS (mainly in the PC 667 series). List all enhancements horizontally. Enter time imposed for each or "S" for stayed. DO NOT LIST enhancements stricken under PC 1385.

| ENHANCEMENT | Y/S | ENHANCEMENT | Y/S | ENHANCEMENT | Y/S | ENHANCEMENT | Y/S | TOTAL |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | |

4. ☑ Defendant was sentenced pursuant to PC 667 (b)-(i) or PC 1170.12 (two-strikes).
5. FINANCIAL OBLIGATIONS (including any applicable penalty assessments):
   a. RESTITUTION FINE of: $1,600.00 per PC 1202.4(b) forthwith per PC 2085.5.
   b. RESTITUTION FINE of: $1,600.00 per PC 1202.45 suspended unless parole is revoked. ☐ Restitution Fund
   c. RESTITUTION of: $_____ per PC 1202.4(f) to ☐ victim(s)*
   (*List victim name(s) if known and amount breakdown in item 7, below.)
   (1) ☐ Amount to be determined.    (2) ☐ Interest rate of: _____ % (not to exceed 10% per PC 1204.4(f)(3)(F)).
   d. ☐ LAB FEE of: $_____ for counts: _____ per H&SC 11372.5(a).    f. ☐ FINE of $_____ per PC 1202.5.
   e. ☐ DRUG PROGRAM FEE of $150 per H&SC 11372.7(a).    ☑ PC 296.1(a)(1)(A)    ☐ other (specify): _____
6. TESTING: ☐ AIDS    ☑ DNA    pursuant to ☐ PC 1202.1
   ☑ DNA Collected    ☑ DNA Sample Collection Verified
7. Other orders (specify):    | 8 | 0 |
8. TOTAL TIME IMPOSED:
9. ☐ This sentence is to run concurrent with (specify):
10. Execution of sentence imposed
   a. ☐ at initial sentencing hearing.    d. ☐ at resentencing per recall of commitment. (PC 1170(d).)
   b. ☑ at resentencing per decision on appeal.    e. ☐ other (specify):
   c. ☐ after revocation of probation.

| DATE SENTENCE PRONOUNCED 11-20-09 | CREDIT FOR TIME SPENT IN CUSTODY | TOTAL DAYS: 266 days INCLUDING: | ACTUAL LOCAL TIME 178 | LOCAL CONDUCT CREDITS 88 | ☑ 4019 ☐ 2933.1 | SERVED TIME IN STATE INSTITUTION ☐ DMH ☐ CDC ☐ CRC |
|---|---|---|---|---|---|---|

12. The defendant is remanded to the custody of the sheriff ☐ forthwith ☐ after 48 hours excluding Saturdays, Sundays, and holid...
   To be delivered to ☐ the reception center designated by the director of the California Department of Corrections.
   ☑ other (specify): Defendant previously serving time at CCI Tehachapi

CLERK OF THE COURT: I hereby certify the foregoing to be a correct abstract of the judgment made in this action.

DEPUTY'S SIGNATURE    F. Temmerman    DATE    11-20-09

This form is prescribed under PC 1213.5 to satisfy the requirements of PC 1213 for determinate sentences. Attachments may be used but must be referred to in this docum...

ABSTRACT OF JUDGMENT – PRISON COMMITMENT – DETERMINATE
SINGLE, CONCURRENT, OR FULL-TERM CONSECUTIVE COUNT FORM

Form Adopted by the
Judicial Council of California
CR –290.1 (Rev. January 1, 1999)

045

46.

California Correctional Institution
Inmate Appeals Office

## MODIFICATION ORDER

June 10, 2010

4B AW

RE: ROMO, K38661
   4B8ASH000000210U
   CCI-0-10-00356
   CUSTODY/CLASS.

Please be informed that as a result of a Level II Decision, the above referenced appeal has been GRANTED IN PART. Please complete this modification order to comply with the decision.

DUE DATE: 07/09/2010

OTHER

Ensure that all directives (see highlighted areas) in the attached memorandum dated 06-02-10 from Inmate Appeals Branch are addressed in an amended Second Level Response. When completed submit your findings in writing to the CCI Inmate Appeals Office.

The modification was completed in the following manner:

| |
|---|
| The 602 was Amended to reflect Correct Credit Earnings. |
| the 128G was Corrected to reflect Correct Credit Earnings |
| (Not Adverse to Appellant) D20 eff. That MECO 2/24/09, 010 eff 2/24/09, |
| Thru 1-25-10 for 2936 |
| |
| |

(You must attach a copy of any documents proving compliance, such as CDC Form 128-G, Classification Chrono; CDC Form 128-C, Medical Chrono; CDC Form 115, Rules Violation Report, etc.)

Certified as completed by:

_T.W. _____     ____AW____     CCI Units 1V4+1V1
Name (Signed)                      Title          Location

_T.W. Steadman_____     __6/21/10__
Name(Printed)                      Date

47.

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS AND REHABILITATION
INMATE APPEALS BRANCH
P. O. BOX 942883
SACRAMENTO, CA 94283-0001

## DIRECTOR'S LEVEL APPEAL DECISION

Date: OCT 29 2010

In re:   Ezequiel Romo, K38661
California Correctional Institution
P.O. Box 1031
Tehachapi, CA 93581

IAB Case No.: 0922368         Local Log No.: CCI-10-00356

This matter was reviewed on behalf of the Director of the California Department of Corrections and Rehabilitation (CDCR) by Appeals Examiner L. Warren, Facility Captain. All submitted documentation and supporting arguments of the parties have been considered.

I   APPELLANT'S ARGUMENT: It is the appellant's position that he disagrees with the committee action of January 26, 2010, changing his work group (WG) to "D-2" based on revisions to California Penal Code Section (PC) 2933 effective January 25, 2010. He states that he was not notified of these penal code revisions. He claims that his Minimum Eligible Release Date expired in 2009, and he was eligible for "D-1" status pursuant to the CDC Form 128-G, Classification Chrono, dated January 22, 2010. The appellant also disputes the CDC Form 128-B2, Gang Validation/Rejection Review Chrono, dated June 21, 2005, and claims he has not received any CDC Form 115, Rules Violation Reports, related to gang activity. He is requesting a copy of the revisions effective January 25, 2010, a CDC Form 810, Confidential Information Listing, and any relevant documents concerning his gang activity, and restoration of WG "D-1."

II   SECOND LEVEL'S DECISION: The reviewer found that the appellant is a validated associate of a prison gang housed in the Security Housing Unit (SHU) and is therefore ineligible to earn credits during the time he is housed in the SHU pursuant to PC 2933.6. A copy of the CDC 128-G dated January 26, 2010, is attached to this appeal and reflects that the appellant is a validated associate of the Mexican Mafia (EME) prison gang and is serving an indeterminate SHU. The reviewer denied the appellant's request for restoration of WG "D-1" as the appellant is not currently eligible to earn credits. However, the appellant's request for relevant documentation was granted and he was advised that he may submit a request to his assigned counselor to receive copies of [non-confidential] documents from his central file including a CDC 810. Additionally, the reviewer informed the appellant that he may review changes to law, specifically, PC 2933.6, via library resources. The reviewer provided the appellant a copy of the departmental memorandum dated January 22, 2010, authored by Terri McDonald, Chief Deputy Secretary, Adult Operations entitled, "Implementation of New Legislation: Credit Earning Program." This memorandum provides directions to departmental staff to implement the revised provisions of PC 2933.6 which state that an inmate who is placed in SHU, Psychiatric Services Unit (PSU) or Administrative Segregation Unit (ASU) for misconduct described in PC 2933.6 or upon validation as a prison gang member or associate is ineligible to earn credits pursuant to PC 2933 or PC 2933.05 during the time he or she is housed in the SHU, PSU, or ASU. On June 21, 2010, the Second Level of Review issued the appellant an amended Second Level response which states that the appellant's request for restoration of WG "D-1" was partially granted as follows: Upon completion of his determinate SHU term, the appellant went from WG "D-2" to "D-1" effective February 24, 2009. His WG was then changed to "D-2" effective January 25, 2010, as a result of the referenced changes in PC 2933.06.

III   DIRECTOR'S LEVEL DECISION: Appeal is denied.

A.   FINDINGS: The documentation and arguments presented are persuasive that the appellant has failed to support his appeal issues with sufficient evidence to warrant a modification to the institution's decision. The examiner reviewed PC 2933, PC 2933.6, California Code of Regulations, Title 15, Section (CCR) 3001 Subject to Regulations, CCR 3044 Inmate Work Groups, CCR 3084.1 Right to Appeal, CCR 3341.5 Segregated Program Housing Units, CCR 3375 Classification Process. and CCR 3378 Critical Case Information. As a result of Senate Bill (SB) X3-18, the legislature enacted changes to PC 2933 and PC 2933.6. As a result of changes to statute, the CDCR enacted the Departmental Notice

EZEQUIEL ROMO, K38661
CASE NO. 0922368
PAGE 2

of Change to Regulations #10-04, dated February 12, 2010, announcing amendment to CCR 3040, 3040.1, 3040.2, 3041, 3041.3, 3042, 3043, 3043.1, 3043.3, 3043.4, 3043.5, 3043.6, 3044, 3045, 3045.2 and 3045.3. Specifically, CCR 3044(b)(7) has been amended to read in part, "Work Group D-2: Lock-up Status. Inmates placed in SHU, PSU, or ASU for misconduct described in PC 2933.6 or upon validation as a prison gang member or associate are ineligible to earn credits during placement in SHU, PSU or ASU." These changes are effective January 25, 2010. Credits earned by the appellant prior to January 25, 2010, are not affected by the change in his WG to "D-2."

CCR 3044 has been amended under the new title "Inmate Work Groups" and subsection (b) establishes that all assignments or reassignments of an inmate to a WG shall be by classification committee action in accordance with this section. The examiner reviewed the attached corrected CDC 128-G, dated January 26, 2010, and notes that the appellant's WG was changed to "D-1" following completion of his SHU term effective February 24, 2009, and WG "D-2" was reinstated effective January 25, 2010, as a result of revisions to PC 2933.6. The examiner concludes that this action is consistent with the appellant's indeterminate SHU status as a validated gang associate pursuant to the mandates of revised PC 2933.6 and CCR 3044. The examiner concludes that the appellant has failed to present any new evidence in support of his appeal issue and requests. Intervention at the Director's Level of Review is unwarranted.

With regard to the appellant's request to be informed of relevant law, the examiner concurs that he may review SB X3-18, PC 2933 and PC 2933.6 via library resources. For copies of relevant documents from his central file, the appellant is advised to submit a request to his assigned counselor. With regard to the appellant's claim that he does not agree with the CDC 128-B2 dated June 21, 2005, the appellant is advised that this appeal response does not address his gang validation dated June 21, 2005, and any appeal of that action is beyond appeal filing limits pursuant to CCR 3084.6 unless the appellant is able to demonstrate good cause for late filing. The appellant is also advised that this appeal did not meet criteria for processing as a group appeal as there is no documented evidence that other signatories were cognizant of the issue under appeal.

B. **BASIS FOR THE DECISION:**
PC: 2933, 2933.6, 5058
CCR: 3001, 3044, 3084.1, 3341.5, 3375, 3378

C. **ORDER:** No changes or modifications are required by the Institution.

This decision exhausts the administrative remedy available to the appellant within CDCR.

L. WARREN, Appeals Examiner
Inmate Appeals Branch

D. FOSTON, Chief
Inmate Appeals Branch

cc:    Warden, CCI
       Appeals Coordinator, CCI

21:55

** DISCREPANT **10/05/2012

GAL STATUS SUMMARY  TYPE-  D      CCI4B

| | ETHNIC MEX | BIRTHDATE 04/27/1977 |

CDC NUMBER | NAME
K38661 | ROMO, EZEQUIEL

ACA ROMO, EZEQUIEL, MAURICIO

| | | MIN ADJ REL DT 02/22/2014 |

TERM STARTS | MAX REL DATE | MIN REL DATE | MAX ADJ REL DT | MIN ADJ REL DT
11/13/2007 | 02/05/2015 | 02/22/2014 | 02/05/2015 | 02/22/2014

| | | | | PAROLE PERIOD 3 YRS

BASE TERM  8/00 + ENHCMNTS   0/00 = TOT TERM   8/00

PRE-PRISON + POST SENTENCE CREDITS
CASE    P2900-5 P1203-3 P2900-1 CRC-CRED MH-CRED P4019  P2931 POST-SENT  TOT

| | 88 | 10 | 276

04F05789      178

PC296 DNA COMPLETED
NOTIFICATION REQUIRED PER P3058.6

| | | SENTENCE DATE | CREDIT CODE | OFFENSE DATE |

RECV DT/ COUNTY/ | CASE
CNT    OFF-CODE | DESCRIPTION

(INCLUDES ENHANCEMENTS/OFFENSES):

CONTROLLING PRINCIPAL & CONSECUTIVE

--CONTROLLING CASE --              11/02/2007   NO STRIKES: 2
11/13/2007  SAC  04F05789                         3   08/06/2003
  01 P4501      ASLT BY PRISONER


NON-CONTROLLING OFFENSES:        12/18/1996
1/31/1997  LA    PA021710                         4   10/08/1995
  02 P192(A)     VOLUNTARY MANSLAUGHTER            4
              P12022.5(A)   03 USE F'ARM

    PC 2933.1

| | | | RULE | D A Y S |
| | | | NUMBER | ASSESS LOST REST DEAD |

TRAN
TYPE   DATE   END DATE  LOG NUMBER  NUMBER

******BEG BAL******      *F/M copy*

BEG 01/31/1997         PA021710
ADD 01/31/1997         PA021710
ADD 01/31/1997         PA021710
ADD 01/31/1997         PA021710
ADD 01/31/1997         04F05789
ADD 11/13/2007         04F05789
ADD 11/13/2007         B12070022  3005(D)(1)   90   90
BCL 07/27/2012         10120285   3005D        90   90
BCL 12/30/2010                                *date change*

****** CONTINUED ******

50

```
LEGAL STATUS SUMMARY --CONTINUATION--     PAGE      2
--------------------------------------------------------------------
   CDC NUMBER    |   NAME
   K38661        |   ROMO,EZEQUIEL
--------------------------------------------------------------------

ADD 11/13/2007                04F05789
ADD 11/13/2007                04F05789
   CURRENT PC BALANCE:          0        CURRENT BC BALANCE:      348

--------------------------------------------------------------------
```

51.

LEGAL STATUS SUMMARY  TYPE-   D    DVIRC    ** DISCREPANT **11/30/2007 21:34

| CDC NUMBER | NAME | | ETHNIC | BIRTHDATE |
| K38661 | ROMO,EZEQUIEL | | MEX | 04/27/1977 |

| TERM STARTS | MAX REL DATE | MIN REL DATE | MAX ADJ REL DT | MIN ADJ REL DT |
| 11/13/2007 | 02/05/2015 | 08/26/2013 | 02/05/2015 | 08/26/2013 |

|  |  | PAROLE PERIOD |
| BASE TERM  8/00 + ENHCMNTS   0/00 = TOT TERM   8/00 |  | 3 YRS |

PRE-PRISON + POST SENTENCE CREDITS
CASE     P2900-5 P1203-3 P2900-1 CRC-CRED MH-CRED P4019   P2931 POST-SENT   TOT

04F05789
            178                                   88              10    276

PC296 DNA COMPLETED
NOTIFICATION REQUIRED PER P3058.6

| RECV DT/ COUNTY/ | CASE | SENTENCE DATE | CREDIT | OFFENSE |
| CNT     OFF-CODE | DESCRIPTION |  | CODE | DATE |

CONTROLLING PRINCIPAL & CONSECUTIVE   (INCLUDES ENHANCEMENTS/OFFENSES):

---CONTROLLING CASE ---
11/13/2007  SAC   04F05789         11/02/2007  NO STRIKES: 2
 01 P4501
                ASLT BY PRISONER                        3   08/06/2003

NON-CONTROLLING OFFENSES:
 1/31/1997  LA    PA021710         12/18/1996
 02 P192(A)
                VOLUNTARY MANSLAUGHTER                  4   10/08/1995
                P12022.5(A)   03 USE F'ARM              4
     PC 2933.1

| TRAN |  |  | RULE | _____D A Y S_____ |
| TYPE   DATE | END DATE LOG NUMBER | NUMBER | ASSESS LOST REST DEAD |

BEG 01/31/1997            ******BEG BAL*******
ADD 01/31/1997            PA021710
ADD 01/31/1997            PA021710
ADD 01/31/1997            PA021710
ADD 01/31/1997            PA021710
ADD 11/13/2007            04F05789
  CURRENT PC BALANCE:    0         CURRENT BC BALANCE:    528

INMATE COPY

58

Version 4.1.5

Summary   Bed Inventory   ADA/EC History

Generate Reports / Get Help / Report a Problem / Log Ou

CDC # :  K38661      [ Search ]          CDC Number: K38661, ROMO, EZEQUIEL

## Summary

### Offender/Placement

| | |
|---|---|
| CDC #: | **K38661** |
| Name: | **ROMO, EZEQUIEL** |
| Institution: | **Pelican Bay State Prison** |
| Bed Code: | **D 009 2202001L** |
| Placement Score: | **177** |
| Custody Level: | **Maximum** |
| Placement Factor: | **SHU** |
| Housing Restrictions: | |
| Physical Limitations: | |

### Disability/Assistance

| | |
|---|---|
| DDP Code: | **NCF** |
| Effective Date: | **10/31/2002** |
| DPP Codes: | [History] |
| 1845 Date: | |
| MHSDS Code: | |
| SLI: | |
| Primary Method: | |
| Alternate Method: | |
| Learning Disability: | |
| TABE Score: | |
| TABE Date: | |
| Healthcare Appliances: | [Info] |
| Dialysis: | **No** |
| Last Accomm: | |
| Spoken Languages: | |

### Important Dates

| | |
|---|---|
| Pending Revocation: | **No** |
| Revocation Date: | |
| Date Received in CDCR: | **01/31/1997** |
| Last Return Date: | **11/13/2007** |
| Extended Stay Date: | **01/12/2008** |
| Extended Stay Privileges? | |
| Release Date: | **02/05/2015** |
| 120 Day Date: | **10/08/2014** |
| Next IDST Date: | |

### Work/Vocation/PIA

**1**

| | |
|---|---|
| Group Priv: | |
| Group Work: | |
| Start Date: | |
| Status: | |
| Job Position: | |
| Job Title: | |
| IWTIP Code: | |
| IWTIP Description: | |
| Regular Day Off: | |
| Work Hours: | |

### Accommodation History

No Accommodation Records Found.

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS AND REHABILITATION
CDC 128G

| | | | | | |
|---|---|---|---|---|---|
| NO: | K38661 | NAME: | ROMO, Ezequiel | HSG: | D9-202 |
| Custody: | MAX-S | PS: 177-IV | WG/PG:  D2/D EFF 1/25/2010 | Assignment: | SHU INDET |
| RelDate: | EPRD: 2/05/2015 | Reclass: | 5/2014 ANNUAL REVIEW | Action: | RETAIN PBSP-SHU ON INDET STATUS. |
| | | CSRA: | LOW (1) | | RETAIN IN STEP 1 OF THE SDP (REFUSAL |
| | | | | | TO PARTICIPATE). RETAIN "S" SUFFIX. |
| | | | | | RESTORE 90 DAY BCL ON RVR DATED |
| | | | | | 12/30/2010,     LOG     #4BSH-10-12-0285. |
| | | | | | RESTORE 90 DAY BCL ON RVR DATED |
| | | | | | 7/27/2012, LOG # FB-12-07-002. |

Inmate ROMO (S) appeared before PBSP Facility D SHU ICC on this date for a Security Threat Group (STG) Step Down Program (SDP)/ 180 Day Review and possible progression in the SDP, pursuant to the STG Pilot Program. The Disability and Effective Communication (DEC) System was reviewed. Per the DECS S has no Test of Adult Basic Education (TABE) score. Review of S' Central File Electronic Records Management System (ERMS) and Strategic Offender Management System (SOMS) revealed S has a Reading Grade Point Level (RGPL) of 10.5 per CDCR 128B dated 4/17/97. S demonstrated that he can read and comprehend without assistance by reading a portion of his CDCR 128-B1 which he read proficiently; therefore, a personal interview to issue the completed CDCR 128G is not necessary. No staff assistant was assigned as S speaks English, can comprehend the issues and is not a participant in the Mental Health Services Delivery System (MHSDS). S does not require additional Effective Communication devices. An investigative employee was not required. To ensure effective communication, Committee utilized simple English spoken slowly & clearly. Committee determined effective communication was achieved, as S asked appropriate questions regarding the information provided.

At least 72 hours prior to this review, S was issued an updated copy of his CDCR 128B-1 dated 11/15/2013. S is currently serving SHU Indeterminate status based on his validation as an active associate of the Mexican Mafia (EME) STG, which is known to be involved in criminal activities which threaten the safety of others and institution security. Committee notes S' validation is documented on the CDCR 128B-2 dated 12/13/2011. A CDCR Form 2260, Advisement of Expectations dated 11/15/2013 was issued to S and a copy is noted in the Electronic Records Management System (ERMS)/C-file. S was initially placed in Step 1 of the SDP on 5/01/2013 by the Departmental Review Board (DRB) at California Correctional Institution (CCI), based on most recent STG behavior of association as documented in Confidential Memorandum (CM) dated 10/26/2012 and CM dated 7/23/2012 noted in DRB CDCR 128G dated 5/01/2013 under "DRB action". On 11/19/2013, S was offered the "Modified Step 3", which is a twenty-six week self directed interactive journaling program for inmates housed in a SHU, and placed in Steps 1, 2, 3, and 4 of the SDP: S refused to participate in the SDP by not participating in the journals. In a lengthy discussion of the SDP expectations and benefits, Committee informed S that participation in the SDP is an avenue for release from SHU indeterminate, and is designed to replace the six year inactive review process for validated STG affiliates. The SDP is an individual behavior based program that provides graduated housing, enhanced programs, and interpersonal interactions. The SDP provides for offenders the ability to demonstrate their commitment and willingness to refrain from STG behavior. Inmate participation is tracked and provides Committee with the means for a proper evaluation of S' current behavior, and assessment of S' ability to program on a General Population. Committee explained to S, he could potentially be released from SHU within three to four years if he refrains from STG behavior and meets STG/SDP program expectations. S was asked if he was willing to participate in the SDP, and S stated "No". S was advised he will plateau in Step 1 based on his unwillingness to participate, and will not earn credit towards completion of the required time in Step 1 until he demonstrates participation in the SDP. S was informed, the date of the Committee's imposition of S' participation in the SDP shall establish the start date toward the required time in each step of the SDP, and was encouraged to inform his Correctional Counselor should he desire to participate in the SDP. Committee reviewed the CDCR 2261 Form SDP Staff Progress Notes dated 10/10/2013, identifying S as satisfactory/unsatisfactory, and recommendation by SDP CCII A. Perez to retain in existing step. ICC conducted a review of this case and determined S' level of participation in the SDP is appropriate and S has remained disciplinary free of negative behavior with a nexus to a STG. Based on a meaningful review of all case factors and evaluation of S' participation in the SDP, **Committee acts to retain PBSP-SHU Indeterminate status and retain in Step 1 of the SDP (refusal to participate).** The prior CSR action dated 7/09/2013 noted no concerns.

Central File reflects; S was found guilty of a Rules Violation Report (RVR) dated 12/30/2010, Log# 4BSH-10-12-0285, for Fighting, 3005 (d), Div-D offense, 90 Days Loss of Credit and RVR dated 7/27/2012, Log# FB-12-07-002, for Fighting, 3005 (d)(1), Div-D offense, 90 Days Loss of Credit. Committee finds that S meets the criteria for credit restoration contained in California Code of Regulation (CCR), Title XV, Section 3327 and 3328, and **elects to restore the following credits:**

| DATE | LOG NUMBER | DIVISION | DAYS RESTORED | CCR# |
|---|---|---|---|---|
| 12/30/2010 | 4BSH-10-12-0285 | D | 90 | 3005 (d) |
| 7/27/2012 | FB-12-07-002 | D | 90 | 3005 (d)(1) |

Credit shall not be restored in a manner that causes the inmate to be overdue for release. If Penal Code sections 3058.6 and/or 3058.9 apply, the actual number of days to be restored shall be calculated by Records to ensure CDCR compliance with Penal Code Sections 3058.6 and 3058.9.

54.

NO:    K38661       NAME:    ROMO, Ezequiel                    HSG:    D9-202

COMPAS assessment has not been completed and not required at this time due to: CSRA score of LOW (1). Committee notes 128-MH11 dated 6/24/2013 Mental Health Screening Chrono denoting No level of Care. S does not meet PBSP-SHU exclusionary criteria. CDCR 128C-2 dated 10/31/2002; denotes NCF and is in the C-File. CDCR 128C-3 dated 9/17/2010; does not require classification action. R. Johnson/PHD was present during this Committee action. When S was questioned regarding his current mental health status, he advised Committee he did not have Psych concerns at this time. Committee reviewed SOMS; S has no Holds/Warrants/Detainers. Committee reviewed S' C-file and determined that the Integrated Housing Code (IHC) of Restricted to Own (RO) is appropriate. S has no cellmate and committee notes the "S" custody suffix has previously been applied. **Committee acts to retain the "S" suffix because S has not successfully completed the compatibility review for double celling in PBSP SHU.** S participated in Committee, acknowledged understanding, and disagreed with Committee action, by stating "I disagree and do not want to participate in the SDP". Again, Committee explained the SDP and strongly encouraged S to inform his assigned Correctional Counselor if he changed his mind and would like to participate in the SDP. S was advised of the Committee's decision and his right to appeal pursuant to California Code of Regulations, Title 15, Section 3084.8(b)(1)&(2) and that any appeal of this Committee's action must be submitted within 30 calendar days of this date, whether he has received the CDCR Form 128G Classification chrono or not. Next scheduled Committee will be 5/2014 for an Annual Review.

C CHAIRPERSON:  C.E. Ducart/CDW              K. Getz/Captain (A)              L. Brunner/CCI              RECORDER: W. Reynolds/CCII

Committee members: R. Johnson/Ph.D, T. Puget/AW (A), M. Pelchat/EDUC

Committee Date:  11/20/2013      (BRUNNER)        Institutional Classification    FAC-D ICC/REVIEW        Inst: PBSP        Page 2 of 2

*Exhibit 6*



# CALIFORNIA CORRECTIONAL INSTITUTION
## SECOND LEVEL APPEAL RESPONSE

**DATE:**                           December 8, 2008

**NAME/NUMBER:**                    Romo, K-38661

**APPEAL LOG NUMBER:**             CCI-0-08-74T 02741 *Schultes.*

**INTERVIEWED BY:**                 T. Miner, Correctional Counselor II

**APPEAL DECISION:**                **PARTIALLY GRANTED**

**APPEAL ISSUE:**                   *Custody/Classification*

Appellant alleges he disagrees with Institutional Classification Committee (ICC) decision to assess a Indeterminate Security Housing Unit (SHU) Term for gang validation.

The Appellant requests 1.) A copy of all documents referred to on California Department of Corrections and Rehabilitation 128G Classification Chrono dated October 28, 2008. 2.) Release from SHU and expunge any information used to support the SHU Term as in gang validation and 3.) Receive compensatory and punitive damages according to proof.

## APPEAL RESPONSE

All relevant documents and information submitted in writing have been carefully reviewed and considered. A thorough review has been conducted and evaluated in accordance with departmental policies and institutional procedures.

Appellant was interviewed on December 8, 2008, and had nothing new to add to his appeal. It was explained that 1.) **Granted**, The Appellant can fill out a trust withdrawal form and send it to his Correctional Counselor I with a list of documentation he is requesting and he will receive all non-confidential copies. 2.) **Denied**, Per the Castillo Settlement, ICC is only to review an Indeterminate SHU Term and review the inmate's current gang status and indicate the status on the 128G Classification chrono. Therefore, the Appellant will not be released from SHU nor will any information be expunged from his Central File in regards to his gang validation. 3.) **Denied**, The Appellant has provided no additional information that policies and procedure of the Department of Correction and Rehabilitation have not been followed. It was also explained to the Appellant that if he desires to appeal his gang validation he needs to file an appeal with the Office of Officer Safety.

Based on the above, this appeal is **PARTIALLY GRANTED** at the Second Level of Review. If dissatisfied, appellant may request a Director's Level review by following the instructions on the appeal form.

M. CARRASCO            12-9-08
Associate Warden        Date
Units IVA and IVB

L. L. SCHULTEIS         Date 12-10-08
Chief Deputy Warden (RA)
Units IVA and IVB

# EXHIBIT "7"

# DEPARTMENTAL REVIEW BOARD, (DRB):

(IN RE: REBUTTAL OF CONFIDENTIAL MEMORANDUMS; AND 180 DAY REVIEW OF PRISON GANG LABEL "ASSOCIATION" CDC 128B2.)

## I. Introduction.

CDCR, PRISON OFFICIALS LABELED EZEQUIEL ROMO AN ASSOCIATE AND REVALIDATED ON DECEMBER 3. 2011. THE CDCR 128B2. DOES NOT DOCUMENT ANY WRITTEN-DISPOSITION OF A REBUTTAL FOR DETERMINATION BY OCS, SACRAMENTION, LEIU; No "CURRENT ACTIVE" DETERMINATION BASED ON ARBITRARY POLICIES AND PRACTICES (RE: "STATUS" Li.e., "GANG-label", Without EVER BEING CHARGED AND FOUND GUILTY OF COMMITTING A GANG RELATED ILLEGAL ACT") IN VIOLATION OF TITLE 15. CCR. ET SEQ., AND STATE AND FEDERAL LAW.

## II. FACTS.

ON APRIL 25, 2013. PRISON OFFICIALS, DISCLOSED CONFIDENTIAL MEMORANDUMS, NOT DISCLOSED FOR THE REBUTTAL OF RE-VALIDATION DISCLOSURE(S) ON NOVEMBER 7. 2011. (15. CCR. 3378. ET SEQ. VALIDATION PROCESS.)

CONFIDENTIAL MATERIAL. 15. CCR. 3321. ET SEQ.

NO DECISION SHALL BE MADE BASED ON INFORMATION FROM A CONFIDENTIAL SOURCE... RELIABILITY OF THE SOURCE SATISFIES THE DECISION-MAKER(S), THAT THE INFORMATION IS TRUE. (Id).

THE CONFIDENTIAL SOURCE(S), FAIL TO BE DEEMED A RELIABLE SOURCE No SOURCE HAS PREVIOUSLY PROVIDED ANY INFORMATION; THE INFORMATION HAS NOT RESULTED IN ANY INVESTIGATION AND RULE VIOLATION REPORT, (RVR) SEE. 15. TIT. CCR. 3312 (a) [When misconduct is believed to be a violation of Law... shall be Reported On CDC 115"]

## II.

DOCUMENTATION OF CRITICAL CASE INFORMATION:

The Documented "INTERVIEW" Shall BE Documented. SEE .15 CCR. 3378. ET SEQ., SUBMITTED With The Validation PACKAGE To OCS, For CONSIDERATION To APPROVE OR REJECT THE Validation"... THE Validation AND/OR REJECTION OF "EVIDENCE" RELIED Upon Shall BE DOCUMENTED on CDCR 128 B2. (Id).

3378: (H) INFORMANTS' CONFIDENTIAL MATERIAL SHALL MEET THE EST ablished INFORMATION REQUIREMENTS In SECTION 3321. MULTIPLE SOURCE(S) PROVIDING A Single SOURCE [GANG] RELATED INCIDENT OR BEHAVIOR' Shall CONSTITUTE ONE (1) SOURCE ITEM.

## III

DEPARTMENTAL REVIEW BOARD .15 CCR. 3376.1. ET SEQ. The DRB, DECISION SERVES AS THE SECRETARY'S LEVEL DECISION [which Is NOT APPEALABLE] AND CONCLUDES THE INMATE/PAROLEE'S ADMINISTRATIVE REMEDIES OF Such ISSUE(S).

## IV

conclusion.

I, EZEQUIEL Ramo, NEVER AM ELIGIBLE FOR RELEASE TO GENERAL PRISON POPULATION (COMPARE. 3341.5 .(C),(2)(A)(1); With .3378 d) e).) challenges DRB DECISION AND DISAGREES With THE PRISON GANG LABEL; AND ALL STEP Down PROGRAM REQUIREMENTS. (Id).

APRIL. 25.2013.

Ezequiel Ramo.

**State of California**
**CDC FORM 695**
**Screening For:**
CDC 602 Inmate/Parolee Appeals
CDC 1824 Reasonable Modification or Accommodation Request

RE: Screening at the SECOND Level

*June 05, 2013*

***ROMO, K38661***
*B 008A2210001U*

CASE INFO./RECORDS, , 05/28/2013
Log Number: CCI-0-13-01165
(Note: Log numbers are assigned to all appeals for tracking purposes)

The enclosed documents are being returned to you for the following reasons:


***The issue within your appeal is subject to a Departmental Director Level of Review, independent of the appeal process such as a DRB decision which is not appealable.***

I. ALOMARI/T. JACKSON
Appeals Coordinator
California Correctional Institution

---

Be advised that you cannot appeal a rejected appeal, but should take the corrective action necessary and resubmit the appeal within the timeframes specified in CCR 3084.6(a) and CCR 3084.8(b).  Pursuant to CCR 3084.6(e), once an appeal has been cancelled, that appeal may not be resubmitted.   However, a separate appeal can be filed on the cancellation decision.  The original appeal may only be resubmitted if the appeal on the cancellation is granted.

*61.*

STATE OF CALIFORNIA —DEPARTMENT OF CORRECTIONS AND REHABILITATION                    EDMUND G. BROWN JR., GOVERNOR

**OFFICE OF APPEALS**
1515 S Street, Sacramento, CA 95814
P.O. Box 942883
Sacramento, CA 94283-0001



June 26, 2013

ROMO, EZEQUIEL, K38661
Pelican Bay State Prison
P.O. Box 7000
Crescent City, CA 95531-7000

RE: TLR# 1213850        CASE INFO/RECORDS

The Office of Appeals, California Department of Corrections and Rehabilitation (CDCR) acts as the third level of review as established in California Code of Regulations (CCR) Title 15, Article 8. The Office of Appeals examines and responds to inmate and parolee appeals, after the institution or parole region has responded at the Second Level of Appeal.

Your appeal has been rejected pursuant to the California Code of Regulations, Title 15, Section (CCR) 3084.6(b)(15). You have submitted the appeal for processing at an inappropriate level bypassing required lower level(s) of review.

J. D. LOZANO, Chief
Office of Appeals

Be advised that you cannot appeal a rejected appeal, but should take the corrective action necessary and resubmit the appeal within the timeframes specified in CCR 3084.6(a) and CCR 3084.8(b). Pursuant to CCR 3084.6(e), once an appeal has been cancelled, that appeal may not be resubmitted. However, a separate appeal can be filed on the cancellation decision. The original appeal may only be resubmitted if the appeal on the cancellation is granted.

****PERMANENT APPEAL ATTACHMENT - DO NOT REMOVE****

# APPENDIX. ["A"]

KERN COUNTY SUPERIOR CASE NO. 01335A.

**SUPERIOR COURT OF CALIFORNIA
IN AND FOR THE COUNTY OF KERN**

In re: Ezequiel Romo       )     CASE NO. HC#01335A
CDC# K-38661          )
                      )
                      )     ORDER DENYING
                      )     PETITION  WRIT OF
                      )     HABEAS CORPUS
_____ )

        The court has read and considered the petition for writ of habeas corpus filed October 24, 2012 from California Correctional Institute, Tehachapi California. Petitioner does not disclose his conviction or sentence. He protests the update of his gang validation, contending there is no evidentiary support.

He also alleges that the Office of Correctional Safety, the investigative arm of the Department of Corrections and Rehabilitation for institutional gang activity, is relying on sources which are too old.  He states that he was validated on June, 21, 2005 as an associate of the Mexican Mafia.  He argues that he did not participate in any gang activities since that time.  This period included a period of parole from 2006 to 2007.

Petitioner finally contends that it is the prison's fault that he did not receive the gang validation packet timely.  He should not be precluded from pursuing and exhausting his administrative remedies.

The Department of Corrections and Rehabilitation disagrees.  It points to at least five sources to support the update validation all within the six year time limit.

The validation sources cover the periods from August 2011 to November 2009.

Petitioner goes by the moniker "Wicked".  The first source stemmed from a cell search on August 16, 2011 which uncovered two addresses of inmates who are validated as gang members of the Mexican Mafia. Fermin Garcia is housed in Pelican Bay and goes by the name "Fermin". His validation dated from 2003 and continues.

The second, Raymond Mendez, is housed in a federal facility in Florence, Colorado. Addresses of gang members are usable as sources to sustain a gang validation.  15 Cal. Code Regs. section 3378(c)(8)(G). There need be no proof of a reciprocal relationship between gang members or associates to validate this source. The rational purpose behind this regulation is to stem gang activities and uncover communication links gangs use. In re Furnace (2010) 185 Cal. App.4th 5649,659, 661; In re Cabrera (2012) 287 P.3d 372.

The remaining sources are all confidential informants whose reliability is established due to part of the information being found true, and the providing of previously reliable

1

information. 15 Cal. Code Regs. Section 3321(c)(1). On July 16, 2011, an informant pointed out that petitioner is in a position of authority at California State Prison, Sacramento prior to his transfer. Another source dated April 30, 2010 echoed this sentiment. Notes were discovered in the possession of Manuel Chavez, a validated Mexican Mafia Associate, housed at California State Prison Sacramento. The memo provided an e-mail address so Chavez could keep in touch with other Mexican Mafia members including petitioner. The notes had petitioner's name on them.

Another informant on July 27, 2010 stated since the transfer of Michael Lerma "Big Mike" petitioner was filling the power vacuum by authorizing gang activities within the prison.

On November 13, 2009, officers intercepted a note in the possession of Joshua Lindquist intended for Michael Bach. This noted stated that petitioner paid the money, and Bach's lawyer should contact him for being a witness.

Confidential memorandum and debriefing reports, from which some of the information was obtained, are valid sources. 15 Cal. Code Regs. Section 3378(c)(8)H), 15 Cal. Code Regs. Section 3378(c)(8)(M).

The Department of Corrections and Rehabilitation has sufficiently reliable evidence to sustain the gang validation for at least five sources. Cato v. Rushen (1987) 824 F.2d 703, 705 (9thCir.). There is nothing to suggest that petitioner was deemed an inactive associate of the Mexican Mafia.

Were this an original validation, the five sources used here would exceed the three in dependent sources required. 15 Cal. Code Regs. Section 3378(c)(3)-(4). Assuming arguendo that petitioner was inactive, only one source is necessary to revalidate him. 15 Cal. Code Regs. Section 3378(c)(8(F).

Retention in segregated housing is necessary to curtail gang activities both inside and outside prison walls. In re Sampson (2011) 197 Cal.App.4th 1234, 1238. Once there is a rational basis found for the regulation as here, the courts will not interfere with the orderly confinement and classification of prisoners. P.C. Sections 5058, 5054, In re Cabrera (2012) 287 P.3d 372 In re Jenkins (2011) 50 Cal.4th 1167, 1173.

 The court also rejects petitioner's claims of preclusion from pursuing and exhausting his administrative remedies.

Pursuit of, and exhaustion of administrative remedies is a prerequisite to seeking habeas corpus relief. In re Dexter (1979) 25 Cal.3d 921, 925, In re Muzalski (1975) 52 Cal.3d 500, 508.

Petitioner learned of his gang validation as early as August 31, 2011; he learned of his confinement in segregated housing as early as February 14, 2012. He chose not to pursue any classification appeals until May 2012. The prison appeals' unit can reject untimely appeals. 15 Cal. Code Regs. Section 3084.6(c)(4). An appeal must be submitted within thirty days of the adverse action. 15 Cal. Code Regs. Section 3084.8(b).

2

65.

The only exhaustion of administrative remedies did not involve the gang validation, but the denial of conduct credits pursuit to Senate Bill XVIII, effective January 25, 2010, and codified in P.C. Section 2933.6(a).

This statute precludes gang members or associates, inmates confined to psychiatric housing for discipline and behavioral management, and those inmates found guilty of rules violation from receiving conduct credits for the duration of their confinement.  15 Cal. Code Regs. Section 3044(b)(7) codifies the statutory language within the regulations.

The petition for writ of habeas corpus is accordingly denied.

Dated: __12/4/12__

John S. Somers
Judge of the Superior Court

66.

# APPENDIX ["B"].

FIFFH DISTRICT COURT CASE NO. F066502.

IN THE

**COURT OF APPEAL OF THE STATE OF CALIFORNIA**

IN AND FOR THE

**FIFTH APPELLATE DISTRICT**

COURT OF APPEAL
FIFTH APPELLATE DISTRICT
F I L E D

FEB 0 5 2013

By_____

Deputy

In re EZEQUIEL ROMO,

On Habeas Corpus.

F066502

(Kern Sup. Ct. No. HC01335A)

**ORDER**

BY THE COURT:*

    The "Petition for Writ of Habeas Corpus," filed January 24, 2013, is denied.

_____ Acting P. J.

_____

* Cornell, A.P.J., Detjen, J., and Peña, J.

68

APPENDIX " ONE "

I.

STATE OF CALIFORNIA
**INMATE/PAROLEE REQUEST FOR INTERVIEW, ITEM OR SERVICE**
CDCR 22 (10/09)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

## SECTION A: INMATE/PAROLEE REQUEST

| NAME (Print): (LAST NAME) | (FIRST NAME) | CDC NUMBER: | SIGNATURE: |
|---|---|---|---|
| Ramo   EZEQUIEL | | K38661 | Ramo E Zequiel |

| HOUSING/BED NUMBER: | ASSIGNMENT: | HOURS FROM _____ TO _____ | TOPIC (I.E. MAIL, CONDITION OF CONFINEMENT/PAROLE, ETC.): |
|---|---|---|---|
| 4B 8A 210 | SHU | | Legal Mail |

CLEARLY STATE THE SERVICE OR ITEM REQUESTED OR REASON FOR INTERVIEW: On APRiL 11. 2013, AT Mail Call 7:00 pm
I WAS Issued Court Order In Re Romo Case No F066502 Filed January
24. 2013 Denial of Writ February 5. 2013 by Correctional Officer Elkin.
The Court Order was Not Issued Pursuant To Confidential Legal Mail, And
Impedes the Cal. Rules of Court To Respond for Petition for Review
Within (10) Ten Days. Specifically three (3) Months Past Date of Denial

METHOD OF DELIVERY (CHECK APPROPRIATE BOX) **NO RECEIPT WILL BE PROVIDED IF REQUEST IS MAILED **
☐ SENT THROUGH MAIL: ADDRESSED TO: C/O E|Kin                    DATE MAILED: 4 / 11 / 13
☒ DELIVERED TO STAFF (STAFF TO COMPLETE BOX BELOW AND GIVE GOLDENROD COPY TO INMATE/PAROLEE):

| RECEIVED BY: PRINT STAFF NAME: | DATE: | SIGNATURE: | FORWARDED TO ANOTHER STAFF? |
|---|---|---|---|
| Elkin   T. | 4·11·13 | T. El | (CIRCLE ONE)   YES   **NO** |

| IF FORWARDED – TO WHOM: | DATE DELIVERED/MAILED: | METHOD OF DELIVERY: |
|---|---|---|
| | | (CIRCLE ONE)   IN PERSON   BY US MAIL |

## SECTION B: STAFF RESPONSE

| RESPONDING STAFF NAME: | DATE: | SIGNATURE: | DATE RETURNED: |
|---|---|---|---|
| Elkin T. | 4·11·13 | T. El. | 4·12·13 |

I/m Romo Recieved some court Related documents thru
Institutional Mail on 4-11-13. the documents were loose and
not Labelled as "Legal Mail". Staff in this HU Recieved the
documents in a local 'distribution box' assigned to the Housing
Unit.

## SECTION C: REQUEST FOR SUPERVISOR REVIEW

PROVIDE REASON WHY YOU DISAGREE WITH STAFF RESPONSE AND FORWARD TO RESPONDENT'S SUPERVISOR IN PERSON OR BY US MAIL. KEEP FINAL CANARY COPY.

| SIGNATURE: | DATE SUBMITTED: |
|---|---|
| | |

## SECTION D: SUPERVISOR'S REVIEW

| RECEIVED BY SUPERVISOR (NAME): | DATE: | SIGNATURE: | DATE RETURNED: |
|---|---|---|---|
| | | | |

Distribution: Original - Return to Inmate/Parolee; Canary - Inmate/Parolee's 2nd Copy; Pink - Staff Members Copy; Goldenrod - Inmate/Parolee's 1st Copy.

70

JORGE NAVARRETE
ASSISTANT CLERK/ADMINISTRATOR

MARY JAMESON
AUTOMATIC APPEALS SUPERVISOR



EARL WARREN BUILDING
350 McALLISTER STREET
SAN FRANCISCO, CA 94102
(415) 865-7000

## Supreme Court of California

FRANK A. McGUIRE
COURT ADMINISTRATOR AND
CLERK OF THE SUPREME COURT

May 9, 2013

Ezequiel Romo  K-38661
California Correctional Institution
P.O. Box 1906
Tehachapi, CA 93581

Re:     **F066502 – In re Ezequiel Romo on Habeas Corpus**

Dear Mr. Romo:

We hereby return unfiled your document received May 8, 2013. I checked our dockets and found no record of a pending petition for review nor petition for writ of habeas corpus having been filed in the above-referenced case on or after April 15, 2013.

A check of the Court of Appeal docket shows that the petition for a writ of habeas corpus was denied February 5, 2013. This court lost jurisdiction to act on any petition for review March 7, 2013. (See Cal. Rules of Court, rule 8.500(e).)

If you wish to file a petition for writ of habeas corpus, we require that you complete the enclosed form as fully as possible. Please sign the completed form at the bottom of page six. We must have an original signature. You may attach documents to the form.

We require an original and ten copies of the petition form from you. Your institution has facilities for making the required number of copies. If the institution refuses to make copies, we will accept the original alone.

Very truly yours,

FRANK A. McGUIRE
Court Administrator and
Clerk of the Supreme Court

By:  J. Hunter, Deputy Clerk

Enclosures

77.

California Case 3:13-cv-05341-EMC   Document 6   Filed 03/03/14   Page 78 of 114

Appellate Courts Case Information

CALIFORNIA COURTS
THE JUDICIAL BRANCH OF CALIFORNIA

5th Appellate District                              Change court 

*Court data last updated: 05/09/2013 11:05 AM*

**Docket (Register of Actions)**

**In re EZEQUIEL ROMO on Habeas Corpus**
**Case Number F066502**

| Date | Description | Notes |
|------|-------------|-------|
| 01/24/2013 | Petition for a writ of habeas corpus filed. | Petnr Romo in pro per (W&M) |
| 01/24/2013 | Exhibits filed in support of: | Tabbed 1-10 |
| 02/05/2013 | Order denying petition filed. | The "Petition for Writ of Habeas Corpus, " filed January 24, 2013, is denied. (COR/DET/PE?) (W3) |
| 02/05/2013 | Case complete. | |
| 04/11/2013 | Received letter from: | petnr re: Status (mailed a copy of the face sheet of the petn and a copy of the denial order) |

**Click here** to request automatic e-mail notifications about this case.

Careers | Contact Us | Accessibility | Public Access to Records | Terms of Use | Privacy   © 2012
Judicial Council of California / Administrative Office of the Courts

72.

CALIFORNIA SUPREME COURT

EZEQUIEL ROMO, PETITIONER.

CASE NO.

V.

DECLARATION IN SUPPORT OF:
RELIEF/AND SUPPORTING
DOCUMENTS.

MATHEW CATE (SECRETARY), KIM
HOLLAND, (WARDEN) OF CDCR.
ET AL., RESPONDENTS.

_____

TO THE HONORABLE JUSTICE(S): OF THE CALIFORNIA
SUPREME COURT.

1. I, EZEQUIEL ROMO IN PROPIA PERSONA DECLARE:
I AM A STATE PRISONER, CURRENTLY INCARCERATED WITHIN THE
CDCR, CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION
AT TEHACHAPI, (SHU).

2. ON JANURARY 16. 2013, FILED WRIT OF HABEAS CORPUS IN
THE FIFTH DISTRICT COURT OF APPEALS CASE NO. FO66502. USING
CONFIDENTIAL LEGAL-MAIL.

3. ON APRIL 11. 2013, RESPONDENTS', CORRECTIONAL OFFICER(S)
DURING GENERAL MAIL DELIVERY [ELKIN.] HANDED FEBRUARY 5.
2013, COURT-ORDER [SEE. EXHIBIT. A.1]

(i)

DECLARATION: EZEQUIEL ROMO.

4. PETITIONER ASKED FOR THE ENVELOPE AND SIGNATURE OF AUTHENTICATION OF LEGAL-MAIL. [ELKIN] STATED, IT WAS LOOSE MAIL PLACED IN THE HOUSING UNIT MAIL AND NOT LABELED LEGAL MAIL.

5. PRISON OFFICIALS, HAVE LOST [PETITIONERS] LEGAL DOCUMENTS IN THE PAST [SEE ADMINISTRATIVE APPEAL. 602. LOG. NO., CCI. 010 0687.] APRIL. 14. 2010, DELIBERATELY IMPEDE THE ACCESS TO COURT AND REDRESS OF GOVERNMENTAL ACTION. VIOLATES THE FIRST AMENDMENT OF U.S. CONSTITUTION. [SEE. EXHIBIT. C]

6. RESPONDENTS' IMPEDE A PETITION FOR REVIEW, AS THE LOSS OF JURISDICTION FOR CONSIDERATION OF RELIEF FROM A DENIAL OF FEBRUARY 5. 2013. SEE CALIFORNIA RULES OF COURT, RULE 8.44 (a)(1).

7. PETITIONER WAS DILIGENT IN TIMELY FILING ADMINISTRATIVE APPEAL. 602 LOG NO. CCI 01201329. [SEE ALSO. PAGE 6. OF PETITION] THE ISSUE OF CDCR 128B2. (DATED: DECEMBER 13. 2012) WAS ISSUED ON MAY 15. 2013. BY S. HARVEY, COUNSELOR. RESPONDENTS' APPEALS REVIEWERS DENIED ALL ACCESS TO PROCEDURAL REVIEW.

8. PETITIONER IS WITHOUT REMEDY AND PRAYS FOR THE COURT TO GRANT RELIEF AS A [PRIMA FACIE] WRIT ON ALL CLAIMS. PURSUANT TO PENAL CODE SECTIONS: 1474 AND 1484. CALIFORNIA RULES OF COURT, RULE 4.55 (a)(4)(c). AN EVIDENTIARY HEARING WILL ALLOW FOR A FULL AND FAIR LITIGATION OF THIS MATTER.

I, EZEQUIEL ROMO. DECLARE UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE STATE OF CALIFORNIA, THAT THE FOREGOING IS TRUE AND CORRECT. EXECUTED ON APRIL 15. 2013 AT CALIFORNIA, TEHACHAPI. Ezequiel Romo.

APPENDIX [C.]

S210955

# IN THE SUPREME COURT OF CALIFORNIA

## En Banc

In re EZEQUIEL MAURICIO ROMO on Habeas Corpus.

The petition for writ of habeas corpus is denied.

Corrigan, J., was absent and did not participate.

SUPREME COURT
FILED

AUG 21 2013

Frank A. McGuire Clerk

Deputy

CANTIL-SAKAUYE

Chief Justice

76

Exhibit
A

77.

STATE OF CALIFORNIA

**INMATE/PAROLEE**
**APPEAL FORM**
CDC 602 (12/87)

Location: Institution/Parole Region

Log No:

DEPARTMENT OF CORRECTIONS

Category

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

NAME    Ezequiel Roms.    NUMBER K136061    ASSIGNMENT DUI - ADI SEG    UNIT/ROOM NUMBER K1397

A. Describe Problem: _CCR. title 15, §3084.1.(9)(d). Appellant(s) Denial or "Due Process" Ambivalently Classification and Placement of Appellant. On Accordance with Custody level and Decision(s) there of. Appellant applied for DUI on November 12, 2007. Been by I.C.C. On November 21, 2007. Due to ever not forwarding appellant(s) c-file appellant Has not Been Seen by ICC within 30 days, nor provided with CDC 128G chrono. Affording appellant access to appeal Any Action Having An Adverse Effect on Appellant Within (15) days of Action. Decision. Policy. °CCR. title 15 §3375.;3375.1;3002(A);3379. And Late and Federal Statutes Const._

If you need more space, attach one additional sheet. ✱ See Attached Exhibit A-(supplement)

B. Action Requested: _① Be Afforded Due Process. Classified and Transferred ②Provided With Copys of CDC 812; 812A And all Non-Confidential Staff Documentation ° Pursuant to CDCR title 15 §3375.(5)(b)..._

Inmate/Parolee Signature Ezequiel Roms K138061

C. INFORMAL LEVEL (Date Received ___/23/08___ )    Date Submitted: December 27, 07

Staff Response: _GRANTED, Your Last Appeared Before ICC on ___ ___ And Were Referred To ___. The ISF Be Endorsement to Transfer to CMC. Corrections or 107-SHU. You Will Be Given Copies of 812; 812A ___ ___ ___ ___ ___ On Friday 2/8/08 ___ ___ ___ ___ state documents_

Staff Signature:

D. FORMAL LEVEL    Date Returned to Inmate:

If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

Signature

Note: Property/Funds appeals must be accompanied by a completed Board of Control form BC-1E Inmate Claim

Request Resolve
at Lowest level

JAN 1 7 2008



RECEIVED
JAN 02 2008
DVI APPEALS OFFICE
Appeal Number:

DEPARTMENT OF CORRECTIONS

STATE OF CALIFORNIA

**INMATE/PAROLEE**
**APPEAL FORM**
CDC 602 (12/87)

Location. Institution/Parole Region
1. DVI

Log No.
1. 08-00356

Category
6
CSPR

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME Ezequiel Romo | NUMBER K138661 | ASSIGNMENT DOI & Administration Seg. | UNIT/ROOM NUMBER K1347 |

A. Describe Problem. 3084.1. Pursuant to Intake Processing. (9) - (1). CASEWORKER Information.
And Documents Important to Placement (9) each Inmate "shall" before Initial Classification be Provided CDC 188 FORM L. AND (1) CDC FORM 816. 83375. (h) APPEALANT
Was NOT Recieved Aforementioned Documents). Correctional Counsler Does Not "
Respond Back to Inmate Requests). APPEALANT ARRIVED AT DVI. On 11/13/07.
Seen Icc On 11/21/07. Correctional Counsler/Case Worker Fail/Deny
Appealant Issuance of Documents). (Id.) In re People V. Romo Case No.04F05789.
Sacramento County.

If you need more space, attach one additional sheet.

B. Action Requested (1) Issuance of All documents) Afforded by cck td.15. 83375. (h)
All Now Confidential documents). Placed in CFile.

Inmate/Parolee Signature Romo Ezequiel Z    Date Submitted Jan 17. 08.

C. INFORMAL LEVEL (Date Received   1/25/08 )

Staff Response Appeal Granted; You will be reduced and appointment to review to
Central file and request specific copies of non-confidential documents
within 30 days of this request.

Staff Signature [signature]   Date Returned to Inmate: 1-25-08

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.
Dissatisfied. Not Granted in Full. Pursuant to cck Title 15. Informal Response
within 10 Days. Appealant Recieved This Grievence on 2/8/08. On
2/11/08. Appealant was able to Review C/File. And charged for items).
Appealant was Not Issued All Documents) Afforded by cck 83375. (h)

Signature Romo Ezequiel   Date Submitted: 2/11/08.
Note: Property/Funds appeals must be accompanied by a completed   CDC Appeal Number.
Board of Control form BC-1E. Inmate Claim   08-00356

RECEIVED
JAN 18 2008
DVI APPEALS OFFICE

JAN 2 8 2008

99.

First Level ☒ Granted ☐ P. Granted ☐ Denied ☐ Other

E. REVIEWER'S ACTION (Complete within 15 working days): Date assigned: 2.14.08 Due Date: 3.28.08

Interviewed by: V. Estrada CCII on 3-12-08

I interviewed you regarding your appeal. I afforded you a review of your Central file. You were given copies of your requested documents

Staff Signature: P. Estrada Title: CCII

Division Head Approved: Signature: [signature] Title: AW (CA)

Date Completed: 3-12-08

Returned Date to Inmate: 3-20-08

F. If dissatisfied, explain reasons for requesting a Second-Level Review, and submit to Institution or Parole Region Appeals Coordinator within 15 days of receipt of response.

Signature: Date Submitted:

Second Level ☐ Granted ☐ P. Granted ☐ Denied ☐ Other

G. REVIEWER'S ACTION (Complete within 10 working days): Date assigned: Due Date:

☐ See Attached Letter

Signature: Date Completed:

Warden/Superintendent Signature: Date Returned to Inmate:

H. If dissatisfied, add data or reasons for requesting a Director's Level Review, and submit by mail to the third level within 15 days of receipt of response.

Signature: Date Submitted:

For the Director's Review, submit all documents to: Director of Corrections
P.O. Box 942883
Sacramento, CA 94283-0001
Attn: Chief, Inmate Appeals

DIRECTOR'S ACTION: ☐ Granted ☐ P. Granted ☐ Denied ☐ Other

☐ See Attached Letter

Date:

CDC 602 (12/87)

D. continued.                Log no. DUI. 08.00356.


Re Classification:

  . On Jan 25.08. Appealant was Issued a Subsequent CDC
  114D. Refused to Sign..,
  . On Jan 31.08. Appealant was Seen by ICC. Classification
  Disagreed with Committee Decision(s);
  . RVR dated 5/19/05 (A/S.05.05.058) was Ordered Reissued,
  Reheared. by Director of Appeals On Jan 11.06.
  . CDC 128B2. dated 6/21/05. Validation Chrono.
  (a) On April 29.2005. Appealant challenged Source Item(s)
  Providing a two Page Written challenge Word for
  Word in Place of Interview.
  (b) On August 10.2005. Lt. K Reed. Conducted an Investig-
  ator In Regards to 602 (log no. Snc.05.0u29.)
  (c) On August 17.2005 Denial of 602 (Ibid) denial of
  Due Process §3084.5.(e)
  (d) All Presentence be afforded Accordingly county
  Jail Credits Since Paroling July 4.2006.

Date Feb.11.2008.                       Ezequiel Ramos
                                          DUI " K.347.

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS AND REHABILITATION
INMATE APPEALS BRANCH
P. O. BOX 942883
SACRAMENTO, CA 94283-0001

## DIRECTOR'S LEVEL APPEAL DECISION

Date:    **JAN 1 1 2006**

In re:   Romo, K-38661                        **C-FILE COPY**
         California State Prison, Sacramento
         P.O. Box 29
         Represa, CA 95671

         IAB Case No.: 0504050          Local Log No.: SAC 05-01396

This matter was reviewed on behalf of the Director of the California Department of Corrections and Rehabilitation (CDCR) by Appeals Examiner D. L. Porter, Facility Captain. All submitted documentation and supporting arguments of the parties have been considered.

I    APPELLANT'S ARGUMENT:    The appellant is submitting this appeal relative to CDC Form 115, Rules Violation Report (RVR), Log #A/S-05-05-058, dated May 19, 2005, for Possession of an Inmate Manufactured Weapon. It is the appellant's position that he was inappropriately found guilty by the Senior Hearing Officer (SHO) for the following reasons: 1) The appellant argues that his due process rights were violated when the officers that searched his cell, placed him back inside of the cell, and failed to verbally notice him or document the discovered weapon on the VGA Form 376, Cell Search Worksheet. 2) The appellant alleges that there was no photograph evidence to show where the razor was discovered in his cell. The appellant claims that this information was not placed on the cell search worksheet. 3) The appellant claims that his name was misspelled and crossed out twice in the CDC Form 837, Incident Report, documents. 4) The appellant alleges that he did not receive a copy of the CDC 837 prior to meeting with the Investigative Employee (IE). 5) The appellant claims that the SHO postponed the hearing, but he never spoke with the IE before the hearing was reconvened. 6) The appellant alleges that the SHO indicated that he would act as the IE in the hearing, and as a result, he was not provided with 24 hours to review questions one through five that the SHO used against him as evidence. The appellant claims that his due process rights were violated when the SHO acted as the IE in the hearing. 7) The appellant claims that in the hearing, Correctional Officer (CO) Engellener said CO Joelson was the scribe in the cell search, but none of the officers on the cell search worksheet documented that a razor was found in the cell. 8) The appellant claims that CO Engellener, while listed on the cell search worksheet, did not file a CDC 837-C, report of the weapon found in the cell, nor did Correctional Sergeant (Sgt.) Hail who was the supervisor. 9) The appellant alleges that the hearing was on June 28, 2005, and he did not receive the final copy until July 21, 2005. The appellant alleges that a discrepancy in the time of the incident existed in the reports.

The appellant requests on appeal to have the RVR dismissed. The appellant also requests to have staff properly trained and supervised.

II    SECOND LEVEL'S DECISION:    The reviewer found that the appellant is responsible for the RVR as charged. The institution states that the requirement for the appellant's serious violation was documented on a RVR and not a VGA 376. The appellant was provided written notice on an RVR per procedures, and informed of the specific charge on June 2, 2005, which is within 15 days (May 19, 2005) from the date he was discovered to be in possession of a weapon. The institution points out that while VGA 376's are daily working documents used to note confiscated items in a unit cell search, it is not a filing document for an RVR charge and is not a required document necessary to carry an infraction forward in violation of the law. The appellant was informed that the VGA 376 is one piece of evidence that can be used against him in a disciplinary infraction, but not the required document to initiate a formal charge for violation of the law. The RVR is the CDCR's written notification process required for a specific charge, pursuant to California Code of Regulations (CCR), Title 15, Section 3312.

The institution notes that concerning the absence of in-cell photographs of the discovered razor, this issue was addressed by CO Joelson, who cites in his response to the IE, "I did not take a picture of the razor in its found location because I did not know it was a razor when I first saw it." The reviewer finds this to be a reasonable

.iO, K-38661
CASE NO. 0504050
PAGE 2

explanation. The razor, due to its size and location behind the door track, was removed from its difficult hiding spot and later determined to be a weapon. The officer would not have replaced the weapon back in its place to attempt to gain photo evidence, as the condition and time of discovery had past and the location would not have lend itself to photographic evidence due to its limited visibility. Once the object was removed from the location, the officer appropriately accessed the razor as a weapon and took two photographs as evidence.

The institution points out that the CDC 837 was examined for discrepancies with the appellant's name and discovered two errors in the filed CDC 837-C by CO Joelson. The institution takes the position that while the error is noted in the name, the CDC number and cell location was accurate and appropriately identified in all other reports. Based on these two errors in the name, the reviewer was not persuaded or convinced that the identity of the inmate or his cell was grounds to rehear the RVR. The safeguards with other bits of information clearly identified the appellant in the filed RVR and did not prevent the SHO from determining his findings in the appellant's hearing.

The institution also points out that the SHO discovered that the appellant was not provided a copy of the CDC 837 prior to initially speaking with the IE. However, the SHO postponed the hearing on June 26, 2005, in an effort to give the appellant another opportunity to view all evidence in the reports and to speak with the IE for follow-up questions prior to the hearing. Based on the SHO's documented hearing notes, the IE did not see the appellant prior to reconvening the hearing on June 28, 2005. The SHO informed the appellant that he would act as the IE in the hearing. After addressing each of the appellant's questions in the hearing, the SHO asked the appellant if he received the answer to his questions and the appellant indicated that he was satisfied. The institution takes the position that the IE works on behalf of the SHO and is responsible for gathering facts to aid the SHO in the preponderance of evidence in the hearing. The SHO acting as the IE in the hearing means he is being his own investigator and is capable of determining the line of questioning needed to arrive at a conclusion of the facts. The appellant was provided more than 24 hours of preparation time to review all relevant reports prior to the hearing. Despite the appellant's inability to speak with the IE prior to the hearing, the appeals investigator determined that the questions answered in the hearing were sufficient to arrive at a conclusion of the appellant's guilt or innocence.

The institution indicates that CO Engellener was not required to submit a CDC 837-C, as there was no force issues to document, which would require all observers to file a report. Additionally, CO Joelson, as the primary staff member who discovered the razor, was required to submit a report in this incident and responded as noted. After the weapon's discovery, Officer Joelson appropriately notified his direct supervisor and began processing his evidence and submitting his RVR charging the appellant with "Possession of a Weapon." The institution takes the position that no other staff members were required to file a report for the disputed RVR. The institution maintains that the appellant was afforded all disciplinary due process pursuant to the CCR, Title 15, and was found guilty by the SHO based upon the preponderance of evidence presented at the hearing. The appeal was denied at the Second Level of Review.

III DIRECTOR'S LEVEL DECISION: Appeal is granted in part.

A. FINDINGS: It is important to note that the SHO documented in the hearing summary that he served as the appellant's IE at the time of the hearing. The above acknowledgment by the SHO represents a clear violation of the appellant's due process rights. It also makes it difficult for the SHO to remain fair and impartial. Based on the above, the Director's Level of Review (DLR) will issue an order to have the disputed RVR reissued and reheard.

B. BASIS FOR THE DECISION:
CCR: 3006, 3084.5, 3315, 3320, 3323

C. ORDER: The institution (SAC) shall reissue and rehear the RVR, Log #A/S-05-05-358, dated May 19, 2005, for Possession of an Inmate Manufactured Weapon.

This issue was discussed with the office of Mr. J. Walker, Chief Deputy Warden.

., K-38661
.SE NO. 0504050
PAGE 3

This decision exhausts the administrative remedy available to the appellant within CDCR.

N. GRANNIS, Chief
Inmate Appeals Branch

cc:    Warden, SAC
       Appeals Coordinator, SAC

84

*N•7~ &• 3 י• י•·*

**STATE OF CALIFORNIA**
**CDC 128-B-2 (5/95)**

**DEPARTMENT OF CORRECTIONS**

**INMATE'S NAME: ROMO, EZEQUIEL**                    **CDC NUMBER: K-38661**

On 5/5/05, a gang validation package regarding subject was received from Institution Gang Investigator Lt. K. Reed at CSP-SAC.

**TOTAL NUMBER OF ITEMS SUBMITTED FOR REVIEW: (5)**

The following items **meet** the validation requirements:

CDC 128b dated 8/7/03 (Association)
Confidential memorandum dated 2/2/05 (Association)
CDC 128b dated 3/30/05 (Communications)
CDC 128b dated 4/20/05 (Association)
Confidential CDC 128b dated 4/21/05 (Communications)

**TOTAL NUMBER OF ITEMS WHICH MEET VALIDATION REQUIREMENTS: (5)**

The following items **do not meet** the validation requirements and were/shall not be used as a basis for validation:

N/A

**TOTAL NUMBER OF ITEMS WHICH DO NOT MEET VALIDATION REQUIREMENTS: (0)**

---

**ACTION OF REVIEWER**

Pursuant to the validation requirements established in 15 CCR Section 3378, ROMO, EZEQUIEL K-38661 is:

☒ **VALIDATED**        ☐ **REJECTED**

as an **associate** of the **MEXICAN MAFIA [EME]** prison gang.

| SIGNATURE | SIGNATURE | SIGNATURE |
|---|---|---|
| **CHAIRPERSON** | **MEMBER** | **MEMBER** |
| _Everett W Fischer_ | M. Ruff | Judy Foster |
| Printed name | Printed name | Printed name |

**GANG VALIDATION/REJECTION REVIEW**
**GENERAL CHRONO**
**LEIU/SSU**

DATE: _06-21-05_



INMATE COPY

RE: California State Prison, Sacramento (SAC)
Second Level Reviewer's Response
Appeal Log #: SAC-S-05-01129
Date: August 17, 2005

**C-FILE COPY**

Inmate: ROMO (K-38661)

**APPEAL DECISION**
Denied

**APPEAL ISSUE**
Case Info./Records

**APPEAL RESPONSE**
Lieutenant K. Reed, Appeal Investigator, conducted an investigation and interviewed you regarding your complaint on August 10, 2005.

**SUMMARY OF APPEAL**
You requested to have the five source items that were used against you in the prison gang validation process expunged from your central file. You alleged the Institutional Gang Investigator (IGI) erroneously labeled you as a Mexican Mafia (EME) associate. You requested a non-biased review of the five source items and to have your validation overturned. Finally, you requested that all inmates be afforded access to the Castillo vs. Alameida, Jr. settlement.

**SUMMARY OF INQUIRY**

The evidence reviewed in this case was a validation package to the Law Enforcement and Investigative Unit (LEIU), along with five independent source items of documentation. All five items submitted were indicative to your association with the Mexican Mafia (EME) prison gang.

The Department's rules regarding this issue are contained in the California Code of Regulations (CCR) Title 15, Sections 3000, 3023, and 3278, which states in part:

> *CCR 3000. Definitions.*
> *Disruptive group: Means any gang, other than a prison gang.*
> *Gang: Gang means any ongoing formal or informal organization, association or group of three or more persons which has a common name or identifying sign or symbol whose members and/or associates, individually or collectively, engage or have engaged, on behalf of that organization, association or group, in two or more acts which include planning, organizing, threatening, financing, soliciting, or committing unlawful acts or acts of misconduct classified as serious pursuant to section 3315.*
>
> *CCR 3023. Gang Activity*
> *(a) Inmates and parolees shall not knowingly promote, further or assist any gang as defined in section 3000.*
> *(b) Gangs, as defined in section 3000, present a serious threat to the safety and security of California prisons.*
> *(c) For the purpose of specific gang participant identification, the department categories gangs into prison gangs and disruptive groups as defined in section 3000.*

86.

61)
05-01129

*CCR 3378 (c) (4) states in part,*
*An associate is an inmate/parole who is periodically or regularly with members or associates of a gang. This identification requires at least three (3) independent source items of documentation indicative of association with validated gang members or associates.*

*CCR 3378 (c) (6) states in part,*
*The verification of an inmate/parolee's gang identification shall be validated or rejected by the assistant director, law enforcement and investigations unit (LEIU), or a designee. The validation and/or rejection of evidence relied upon shall be documented on a CDC Form 128-B2, Gang Validation/Rejection Review, and forwarded to the facility or parole region of origin for placement in the inmate/parolee's central file. Upon receipt of the CDC Form 128-B2, the Classification and Parole Representative or Parole Administrator I, or their designee, shall clearly note in some permanent manner upon the face of every document whether or not the item met validation requirements.*

The five source items used by LEIU were:

1) A CDC 128-B report dated August 7, 2003, authored by Officer S. Wheeler discovered the name and address of inmate FIERRO, Ernesto (E-72521) a validated EME associate in your personal phone book.

2) A confidential report dated February 2, 2005, authored by Officer G. Parker identified you corresponding with a validated EME member LERMA, Mike (C-38374) aka "Pomona Mike" via the United States mail.

3) A CDC 128-B report dated March 30, 2005, authored by Officer G. Parker revealed that you were in possession of hand written mini-notes authored by inmate GARCIA, Gilbert (E-15211) aka "Bo Bo/Blue" a validated EME associate. This gang related material was located in your personal property.

4) A CDC 128-B dated April 20, 2005, authored by Officer S. Zanini revealed you corresponding via the United States mail with a validated EME associate ARGUMEDO, Jose (T-14233).

5) A confidential report dated April 21, 2005, authored by Officer G. Parker indicated that you sent $200.00 dollars to a validated EME member, LERMA, Mike (C-38374) aka "Pomona Mike" housed at Pelican Bay State Prison (PBSP).

On April 29, 2005, the IGI provided you copies of the five independent source items utilized in your validation process. The evidence revealed that you were actively involved in inmate gang activities and corresponded with the EME prison gang members. At that time, you were given the opportunity to dispute the non-confidential evidence used to validate you as an EME associate by the IGI; however, you did not provide any evidence to refute your gang validation.

dispute the non-confidential evidence used to validate you as an EME associate by the IGI; however, you did not provide any evidence to refute your gang validation.

After a thorough investigation, there was sufficient evidence to substantiate that you continued to correspond and participate in gang activities with validated EME prison gang members and associates. The IGI was able to provide LEIU documentation to prove you were actively involved in gang activities with EME prison gang members, while you were housed in B-Facility at SAC.

Based on the evidence, the IGI submitted a validation package to LEIU to validate you as an associate of the EME prison gang. On June 21, 2005, your validation package was received by LEIU, and approved by the Validation Review Committee. LEIU provided you with an unbiased gang status review and submitted the CDC 128-B-2 Chrono validating you as an associate of the EME prison gang.

## APPEAL DECISION

For the reasons cited above, your appeal is **denied.**

SCOTT KERNAN
Warden

SK:kr

cc:  C-File
     Inmate Appeals Office

88.

Exhibit
B

STATE OF CALIFORNIA                                                    ARNOLD SCHWARZENEGGER, Governor

**DEPARTMENT OF CORRECTIONS AND REHABILITATION**
**DEPARTMENT OF ADULT PAROLE OPERATIONS**
8100 BALBOA PLACE
VAN NUYS, CA. 91406



To Whom It May Concern:

My name is Steven Preciado, Parole Agent I, San Fernando Valley
#2. Mr. Romo has been on my caseload since paroling 09/18/06.
Mr. Romo is on High Control parole supervision and is seen at
least twice a month. Mr. Romo has tested for me once a month
and has not given a positive urinalysis to date. Mr. Romo has
been compliant and reports when instructed. He has held a job
since paroling. He has strong family support and has a positive
attitude. Mr. Romo appears to be headed toward the department's
goal to successfully reintegrating back into society. Thank you
for your time.

Steven Preciado
Parole Agent I
SFV#2
818-442-0489

90.

# DECLARATION OF EZEQUIEL ROMO.

I, EZEQUIEL ROMO PETITIONER DECLARE THE FOLLOWING:

ON APRIL 28.2005, CSP-SACRAMENTO PRISON OFFICALS ISSUED PETITIONER AN INCOMPLETE VALIDATION PACKET OF ALL RELEVANT SOURCE ITEMS RELIED UPON AND TO BE FOWARDED FOR VALIDATION/REJECTION CHRONO DATED JUNE 21.2005.

ON APRIL 29.2005, PETITIONER REBUTTED ALL ALLEGATIONS IN CONTENTION OF A PRISON GANG LABEL.

ON MAY 5.2005, LIEUTENANT K.REED OF CSP-SACRAMENTO FOWARDED THE VALIDATION PACKAGE TO THE CDCR, DEPARTMENTS (OCS) FOR DETERMINATION.

ON JUNE 30.2005. PETITIONER FILED AN ADMINISTRATIVE APPEAL GO2. SAC.S.0501129.

ON JULY 13.2005, LIEUTENANT K.REED WHO AS INVESTIGATING OFFICER, AND FOWARDING THE VALIDATION PACKET, WAS ASSIGNED AS APPEAL REVIEWER AND DENIED PETITIONER'S GO2, FAILED TO BE IMPARTIAL PURSUANT TO CAL.CODE.REGS.TIT. 15. SEC. 3084.5 (e). CAL.CONST.ART. I. SEC. 7(a); 28 (d). AND U.S. CONST; I; VIII AND XIV. DUE PROCESS OF LAW.

PETITIONER HAS NOT WILLINGLY, AND OR KNOWINGLY BEEN INVOLVED IN MISCONDUCT PURSUANT TO CAL.CODE.REGS., TIT. 15. SEC. 3023. DISCIPLINARY HISTORY WITHIN THE ORDINARY INCIDENTS OF A PENAL INSTITUTION.

I, HEREBY DECLARE UNDER PENALTY OF PERJURY, EXECUTED AT CALIFORNIA CORRECTIONAL INSTITUTION. IN TEHACHAPI, CALIFORNIA ON APRIL 15.2010.

DECLARANT. ROMO EZEQUIEL. *Ezequiel Romo.*

PAGE 1 OF 2

DECLARATION OF EDWARD J. RIEMER

I, EDWARD J. RIEMER (CDCR # P-95331), a SIMILIARLY SITUATED INMATE AS PETITIONER ROMO DECLARE THE FOLLOWING:

I, EDWARD J. RIEMER, HAVE A MUTUAL INTREST IN THE OUTCOME OF PETITIONER ROMO'S GRIEVANCE DUE TO THE FACTS AS STATED:

I AM CURRENTLY HOUSED AT CCI-SHU FOR A PRISON GANG VALIDATION AND THEREFORE ACCORDING TO RECENT CHANGES TO PC 2933 § 2933.05 IRELIGIBLE FOR SENTENCE CREDIT.

I CONTEST THE VALIDITY OF SAID VALIDATION AS A PRISON GANG ASSOCIATE IN THAT THE PROCESS USED TO OBTAIN SUCH VALIDATION VIOLATED MY CONSTITUTIONAL RIGHTS AS ESTABLISHED IN THE VIII™ AND XIV AMENDMENTS TO SAID CONSTITUTION, FURTHER THE PROCEDURES UTILIZED VIOLATED CCR TITLE 15 REGULATION WHICH ALLOW PROPORTED GANG ASSOCIATES TO RESPOND TO ALLEGATIONS OF PRISON GANG ACTIVITY SPECIFICALLY PROCEDURES AND REGULATIONS WERE VIOLATED IN THE FOLLOWING MANNER:

ON 6·1·2004, COR-SHU IGI LUNES AND COR-SHU IGI LT. NORTON ISSUED PETITIONER A PRISON GANG VALIDATION PACKET (SEE EXHIBIT 1). ON 6·1·2005 I WAS PAROLED FROM COR-SHU

Pg 2 of 2

With A Prison Gang Validation Packet Pending.
On 7.26.05 A 128B-2 Was Entered Into
My C-File Confirming My Prison Gang
Validation, Due To My Being Out-Of-Custody
I Was Unable To Pursue Any Administrative
Appeal Remedies.
At A Institutional Classification Committee
Hearing On 10/25/07 I Was Notified Of
My Validation Which Had Occured On 7.26.05.
On 10.26.07 I Filed A CDC 602 Grievance
Contesting My Prison Gang Validation, I
Was Subsequently Denied My Requested
Remedy Due To A Supposed Violation Of
Time Constraints.
As Such My Prison Gang Validation Violated
Due Process Of The Law And Equal Protection
As Codified In US Const And Calif Const, And
Subsequently My Indeterminate Detention In
Security Housing Unit As Well As Denial Of
P.C. 2933 And 2933.05 Sentencing Credit Is
Unwarranted And Unlawful
I, Edward J. Riemer, Hereby Declare Under
Penalty Of Perjury, Executed At CCI-Tehachapi,
California, On April 16th 2010

EDWARD J. RIEMER
DECLERANT

| STATE OF CALIFORNIA | CDC 128-G (01/91) | CLASSIFICATION CHRONO | DEPARTMENT OF CORRECTIONS | |
|---|---|---|---|---|
| CDC number<br>P-95331 | Name<br>REIMER | | Classification<br>score | Type and release date |
| Custody<br>MAX | Assignment | | WG/PG<br>D1/D | Next classification |
| Other committee actions: RETAIN IN ASU PX VAL DOCS, REFER TO CSR FOR 90 DAY EXT, CHANGE FROM W/A TO CCY#3, CHANGE FROM S/C TO D/C STATUS | | | Housing<br>D6-246L | Recommendation to CSR: |

Comments

REIMER (P-95331) made a personal appearance this date for the purpose of a Subsequent Ad Seg review. Dr. METCALF stated REIMER is an active participant in the MHSDS program at the level of CCCMS. ICC removed the staff assistant requirement based on his MHSDS participation on 7/26/07. REIMER currently has a documented T.A.B.E. score of 9.9. REIMER was placed in Ad Seg on 7/20/07 after arriving at WSP-RC and available information indicated he last paroled from COR-SHU on 6/1/05. REIMER last appeared before ICC on 7/26/07 where ICC elected to retain subject in Ad Seg pending receipt of the central file which has now been received and reviewed. Per a 128G dated 6/23/05, REIMER was retained in Ad Seg pending receipt of validation documents from LEIU for association with the prison gang known as the Mexican Mafia (EME). Per WSP-IGI, REIMER is a validated associate of the EME. WSP-IGI has been notified that the validation documents have not been received for placement in the central file. The CSR approved the 90 day Ad Seg extension pending receipt of the central file which expires on 10/24/07. Another Ad Seg extension will be required pending receipt of validation documents. A new CDC 114D has been issued noting REIMER's current reason for retention in Ad Seg is based on his association with the EME prison gang. REIMER currently has an 'S' suffix designation. ICC of 7/26/07 retained the single cell suffix as noted in the DDPS. A review of the central file revealed COR-ICC of 3/30/05 retained the single cell status pending prison gang validation, noting the 128B dated 6/1/04 and an RVR dated 9/28/03 charging mutual combat (possible safety concerns noted in confidential 128B dated 1/10/05). COR-ICC of 12/23/03 originally placed REIMER on single cell status due to a cell fight on 9/28/03. ICC notes REIMER has had only one (1) in cell mutual combat. REIMER requested to be placed back on double cell status and to be changed from a walk alone yard to CCY#3. Upon review of case factors, committee elects to retain REIMER in Ad Seg pending receipt of the validation documents, refer the case to the CSR for a 90 day Ad Seg extension, change from walk alone yard to CCY#3 and change from single cell status to double cell status. REIMER stated he is satisfied with his yard and cell assignment. REIMER was an active participant in this committee's action and was advised of his appeal rights via CCI contact and a copy of this 128G.

| | | | |
|---|---|---|---|
| K. HARRINGTON, CDW-CHAIRPERSON | M. BITER, AW-RC | | . SILVA, CCII - RECORDER (A) |
| DR. METCALF, PSYCH DEPT. | T. YODER, CCI, PRESENTER | | C. LAWLESS, FAC CAPT. |
| Institution<br>WSP-RC | Classification<br>SUBSEQUENT | Date<br>10/25/07    LJ | Signature |

## Declaration of Oscar Lizarraga

I, Oscar Lizarraga am incarcerated within the CDCR, California Department of Corrections and Rehabilitation, a state prisoner at California Correctional Institution, CCI Tehachapi.

1. On 4-17-09, I was placed in Administrative Segregation at Chino Institution for Men after being removed from general population at California Rehabilitation Center, Norco, for an investigation into my supposed involvement with the Mexican Mafia (eme) prison gang.

2. On 5-15-09, I was erroneously validated as a member of the Mexican Mafia (eme) prison gang per a 128-B2 issued by the Office of Correctional Safety.

3. On 4-16-10 an ammended 128-B2 was issued, changing my validation to that of associate of the Mexican Mafia (eme) prison gang.

4. On 7-1-10, I was given an indeterminate S.H.U. term in spite of never being issued an RVR for gang activity nor having any documented gang activity in my file

5. On 7-13-10 I filed an Inmate/Parolee Appeal form, CDC 602, which was subsequently denied at every level up to and including the Director of Corrections.

I, Oscar Lizarraga declare under penalty of perjury under the laws of the State of California the above is true and correct. Executed on 5-1-13.

Oscar Lizarraga CDCR# T17339

95.

Declaration of Johnny Flores

I, Johnny Flores am incarcerated within the CDCR, California Department of Corrections and Rehabilitation, a State Prisoner at California Correctional Institution, CCI Tehachapi;

1. On 10-20-09 I was placed in Administrative Segregation at (Corcoran SATF) after being removed from G.P. General Population Pending an investigation for Possible involvement with the Mexican Mafia Prison Gang (EME)

2. On 10.27.09 I was Subsequently re-validated as a Mexican Mafia Prison Gang associate per a 128-B2 issued by the Office of Correctional Saftey.

3. In November of 2010 I was given an Indeterminate SHU. Term in spite of the fact that I Was Never issued an RVR or found Guilty of one for a SHU Worthy offence.

I Johnny Flores declare under Penalty of PerJury under the laws of the State of California the above is true and correct. Executed on 4-30-13

Johnny Flores CDCR # D69042: [signature]

Declaration OF Enrique Alvarez

I, Enrique Alvarez am incarcerated within the CDCR, California Department of corrections and rehabilitations, A prisoner at California Correctional Institute declare the following:

1. On November, 2012, I was placed in Administrative segregation while housed in CCC Susanville

2. I was validated on 1-17-13.

3. There exist no guilt of "gang-activity" pursuant to CCR.TIT.15.3023.ET SEQ.

4. I filed an Administrative appeal log no. CCC-0-13-00397

I Enrique Alvarez, delare under penalty of perjury under the laws of the state of California the above is true and correct, executed on May 1, 2013, at Tehachapi State Prison, Tehachapi California.

Declarant

Enrique Alvarez

Enrique Alvarez
F-84467
CCI-4B-8-A201
P.O. Box 1906
Tehachapi, Ca
93581

DECLARATION OF SAMUEL TRUJILLO.

I, SAMUEL TRUJILLO, AM INCARCERATED WITHIN THE CDCR, CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATIONS. A STATE PRISONER AT CALIFORNIA CORRECTIONAL INSTITUTION, (CCI), DECLARE THE FOLLOWING:

1. ON AUGUST 24, 2007, I WAS PLACED IN ADMINISTRATIVE SEGREGATION WHILE HOUSED AT CENTINELA STATE PRISON;

2. ON AUGUST 23, 2013, I AM ELIGIBLE FOR RELEASE TO GENERAL PRISON POPULATION BASED ON SIX-YEAR REVIEW OF CDCR 128-B2, VALIDATION CHRONO DECEMBER 4, 2008.

3. THERE EXISTS NO GUILT OF "GANG-ACTIVITY" PURSUANT TO CCR.TIT.15.3023.ET SEQ.

4. I FILED ADMINISTRATIVE APPEAL LOG NO. CEN-C-09-00109, IN CHALLENGE OF CDCR.128-B2.

I, SAMUEL TRUJILLO, DECLARE UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE STATE OF CALIFORNIA THE ABOVE IS TRUE AND CORRECT. EXECUTED ON MAY 1, 2013, AT TEHACHAPI, CALIFORNIA.

DECLARANT.

Samuel Trujillo

SAMUEL TRUJILLO

D-50727

CCI.4B-8A-101

P.O. BOX 1906

TEHACHAPI, CA.93581

98.

DECLARATION OF JESSE ROMERO.

I, JESSE ROMERO, AM INCARCERATED WITHIN THE CDCR, CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION. A STATE PRISONER AT CALIFORNIA CORRECTIONAL INSTITUTION, (CCI) DECLARE THE FOLLOWING

1. ON NOVEMBER, 18, 2008 I WAS PLACED IN ADMINISTRATIVE SEGREGATION WHILE HOUSED AT CALIPATRIA STATE PRISON.

2. ON DECEMBER 29, 2008 A 128 B-2 CHRONO WAS ISSUED TO ME STATING THAT I WAS NOW VALIDATED BY OCS.

3. ON SEPTEMBER 29, 2014 I AM ELIGABLE FOR RELEASE TO THE GENERAL POPULATION BASED ON THE SIX YEAR REVIEW BY CDCR 128 B-2 VALIDATION CHRONO.

4. THERE EXIST NO GUILT OF ANY GANG ACTIVITY PURSUANT TO CDCR. TIT. 15.3023. ET. SEQ

5. I FILED AN ADMINISTRATIVE APPEAL LOG. NO. CAL-09-00176, IN CHALLENGE OF CDCR 128 B2.

I, JESSE ROMERO DECLARE UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE STATE OF CALIFORNIA THE ABOVE IS TRUE AND CORRECT. EXECUTED ON MAY. 5, 2013 AT TEHACHAPI CALIFORNIA. 935

DECLARANT

*Jesse Romero*

JESSE ROMERO
K-72932
C.C.I 4B-8A #203
P.O. BOX -1906
TEHACHAPI, CAL. 93581

99.

## DECLARATION OF ALEXANDER GURULE

I, ALEXANDER GURULE AM INCARCERATED WITHIN THE CDCR, CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION. A PRISONER AT CALIFORNIA CORRECTIONAL INSTITUTION (CCI). DECLARE THE Following:

1. ON APRIL 10 2008 I WAS PLACED IN ADMINISTRATIVE SEGREGATION WHILE HOUSED AT CCI TEHACHAPI.

2. I WAS VALIDATED ON 5-12-08.

3. THERE EXIST NO GUILT OF "GANG ACTIVITY" PURSUANT TO CCR. TIT. 15, 3023, ET SEQ.

4. I FILED AN ADMINISTRATIVE APPEAL LOG NO. CCI.08.01726

   I ALEXANDER GURULE DECLARE UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE STATE OF CALIFORNIA THE ABOVE IS TRUE AND CORRECT. EXECUTED ON MAY 12, 2013 AT TEHACHAPI CALIFORNIA.

DECLARANT

Alexander Gurule

ALEXANDER GURULE
P.16342
CCI. 4B-8B-208
P.O. BOX 1906
TEHACHAPI, CA 93581

100.

## DECLARATION OF ALFRED HERNANDEZ

I, ALFRED HERNANDEZ AM INCARCERATED WITHIN THE C.D.C.R., CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITION, A PRISONER AT CALIFORNIA CORRECTIONAL INSTITUTION (C.C.I), DECLARE THE FOLLOWING:

1. ON SEPTEMBER 26, 2008, I WAS PLACED IN ADMINISTRATIVE SEGREGATION WHILE HOUSED AT C.C.I TEHACHAPI.

2. I WAS VALIDATED ON AUGUST 31, 2009.

3. THERE EXIST NO GUILT OF "GANG ACTIVITY" PURSUANT TO CCR. TIT. 15. 3023. EST SEQ.

4. I FILED AN ADMINISTRATIVE APPEAL LOG NO. CCI·0·09·01823

I, ALFRED HERNANDEZ DECLARE UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE STATE OF CALIFORNIA. THE ABOVE IS TRUE AND CORRECT. EXECUTED ON MAY 13, 2013, AT TEHACHAPI, CALIFORNIA

DECLARANT

ALFRED HERNANDEZ
G·32297
CCI · 4B·8B·209
P.O. BOX 1906
TEHACHAPI, CA. 93581

## DECLARATION OF JOHN DEHARO

I JOHN DEHARO AM INCARCERATED WITHIN THE CDCR. CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION. A PRISONER AT CALIFORNIA CORRECTIONAL INSTITUTION (CCI) DECLARE THE FOLLOWING:

1. ON NOVEMBER 19. 2012 I WAS PLACED IN ADMINISTRATIVE SEGREGATION WHILE HOUSED AT CCC SUSANVILLE.

2. I WAS VALIDATED ON 1-17-2013

3. THERE EXISTS NO GUILT OF "GANG ACTIVITY" PURSUANT TO CCR TIT.15 3023 ET SEQ.

4. I FILED AN ADMINISTRATIVE APPEAL LOG # CCC-L-13-00106

I JOHN DEHARO DECLARE UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE STATE OF CALIFORNIA THE ABOVE IS TRUE AND CORRECT. EXECUTED ON MAY 13. 2013 AT TEHACHAPI CALIFORNIA

DECLARANT

John DeHaro

JOHN DEHARO
P14229
CCI 4B-8B-209
P.O. BOX 1906
TEHACHAPI, CA. 93581

102.

# Declaration of John Garcia

I , John Garcia, am Incarcerated within the CDCR, California Department of Corrections And rehabilitation. A State Prisoner, at California Correctional Institution , (CCI). Declare the following:

1. On September 9, 2010 was placed in administrative Segregation while housed at Centinela State Prison;

2. On August 14, 2016 I am Eligible for release to General Population based on Source item # 1 dated 8/15/10 , Active/inactive review on CDC 128-B-2 CHRono . date: 12/09/10. Based on Six (6) Year review.

3. There exists no guilt of "Gang Activity" pursant to CCR. TIT. 15. 3023. ET. Seq.

4. I filed administrative appeal (Log No. 1017007 IAB Case) (Local Log No. Cen-11-00071).

I , John Garcia, Declare under penalty of perjury under the Laws of the State of California the above Is true and correct. Executed on May 13, 2013; at Tehachapi, CA.

Declarant,

John Garcia

John Garcia # E-94675
4B-8B-210
C.C.I.
P.O. Box 1906
Tehachapi, CA. 93581

## Declaration Of Don Nuñez

I, Don Nuñez, Am Incarcerated Within The CDCR, California Department Of Corrections And Rehabilitation. A State Prisoner, At California Correctional Institution, (CCI).
Declare The Following:

1. On March 28, 2009 I Was Placed In Administrative Segregation While Housed At California Institution For Men

2. On March 23, 2015 I Am Eligible For Release To General Population Based On CDC 128-B-2 Active/Inactive Review Eligibility Date Chrono. Date June, 16, 2009 Based On Six (6) Year Review

3. There Exists No Guilt Of "Gang Activity" Pursant To CCR Tit. 15 3023. Et. Seq.

4. I Filed Administrative Appeal (TLR Case Number: 1114342) (Local Log No. CCI-12-00196).

I, Donald Nuñez, Declare Under Penalty Of Perjury Under The Laws Of The State Of California The Above Is True And Correct.
Executed On May 13, 2013, At: Tehachapi, Ca

Declarant,
X Donald

Donald Nuñez # K-57852
4B-8B-210
C.C.I
P.O. Box. 1906
Tehachapi, Ca. 93581

# Declaration of Eddie Corrales

1
2
3   I, Eddie Corrales, am incarcerated within the CDCR, California
4   Department Of Corrections And Rehabilitations. A state prisoner at
5   california Correctional Institution, (CCI).
6   Declare the following:
7   1. On June 1, 2010, I was retained in Administrative Housing Unit (ASU) at
8   California Institution For Men (CIM);
9   2. On March 30, 2016, I am eligible for release to General population based
10  on Six-Year review of CDCR 128-B2, Validation Chrono dated Sept. 10, 2010
11  3. There exist No Built of "Gang-Activity" pursuant to CCR Tit.15.3023. et.
12  seq.
13  4. I filed Administrative Appeal Log No. CRC-X-10-00623, In challenge
14  of CDCR 128-B2.
15  I. Eddie Corrales, Declare under Penalty of purjury under the laws of the State
16  of California. The above is true and correct. Excuted May 16, 2013
17                                          Declarant.
18                                          Eddie Corrales
                                            Eddie Corrales #T.30791
19                                          (CCI) 48-8C-202
                                            P.O. Box 1906
20                                          Tehachapi, CA. 93581
21
22
23
24
25
26
27
28

105.

Exhibit
C

## CALIFORNIA CORRECTIONAL INSTITUTION
## SECOND LEVEL APPEAL RESPONSE

**DATE:**                          June 17, 2009

**NAME/NUMBER:**                   Romo, K-38661

**APPEAL LOG NUMBER:**             CCI-0-09-0917

**INTERVIEWED BY:**                T. Miner, Correctional Counselor II

**APPEAL DECISION:**               **GRANTED**

**APPEAL ISSUE:**                  *Custody/Class*

Appellant states he is appealing the California Department of Corrections and Rehabilitations (CDCR) Form 114D, Administrative Segregation Unit Placement Notice, dated April 16, 2009, retaining him in Security Housing Unit (SHU) due to his validation of a being an Associate of the Mexican Mafia . The Appellant is also in disagreement with the Institution Classification Committee (ICC) actions of April 21, 2009, stating that he did not receive his procedural due process and all non confidential documents that were placed in the central file; specifically, regarding the decision to be retained in SHU pending his 180 day review.

The Appellant is requesting his 128G, Classification Chrono, dated April 21, 2009, and all non-confidential documents that support ICC decision of retention on April 21, 2009.

**APPEAL RESPONSE**
All relevant documents and information submitted in writing have been carefully reviewed and considered. A thorough review has been conducted and evaluated in accordance with departmental policies and institutional procedures.

Appellant was interviewed on June 17, 2009, and had nothing new to add to his appeal. It was explained to the appellant that his appeal for documentation is granted, if he will submit the information that he is requesting to his Correctional Counselor I, along with a trust withdrawal form, he will be provided with all the non-confidential documents that he is requesting.

Based on the above, this appeal is **GRANTED** at the Second Level of Review.

If dissatisfied, appellant may request a Director's Level Review by following the instructions on the appeal form.

J. NEGRETE                    Date  6/24/09
Associate Warden (RA)
Units IVA and IVB

K. HOLLAND        Date  6/24/09
Chief Deputy Warden
Units IVA and IVB

/tlm

*107.*

## PROOF OF SERVICE BY MAIL

### BY PERSON IN STATE CUSTODY
(Fed. R. CIV. P. 5:28 U.S.C. 1746)

I, EZEQUIEL ROMO _____, declare:

I am over eighteen (18) years of age and am a party to this action. I am a resident of CRESCENT
CITY AT PELICAN BAY STATE _____ Prison,

In the county of DEL NORTE _____.

State of California. My prison address is EZEQUIEL ROMO K38661
PBSP - SHU  D9 202
P.O.BOX 7500 CRESCENT CITY
On FEBRUARY 21.2014                    — CA 95532 —
(Date)

I served the attached: AMENDED PETITION 28.U.S.C.2254. AND
EXHIBIT.(S) 1-11 AND APPENDIX I.A.B.C. (108 PAGES)
(DESCRIBE DOCUMENT)

On the parties herein by placing true and correct copies thereof, enclosed in a sealed envelope, with
postage thereon fully paid, in the United States mail in a deposit box so provided at the above named
correctional institution in which I am presently confined. The envelope was addressed as follows:
OFFICE OF CLERK: U.S. DISTRICT COURT
450 GOLDEN GATE AVE
— SAN FRANCISCO, CA 94102 —

I declare under penalty of perjury under the laws of the United States of America that the
foregoing is true and correct.

Executed on FEBRUARY 21.2014     Ezequiel Romo
                                  (Declarant's Signature)

108