UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EZEQUIEL ROMO,

    Petitioner,

    v.

G. LEWIS, Warden,

    Respondent.

No. C-13-5341 EMC (pr)

**ORDER OF DISMISSAL**

## I.    INTRODUCTION

Ezequiel Romo, an inmate at Pelican Bay State Prison, filed this *pro se* action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The Court reviewed the petition, and dismissed it with leave to amend. The amended petition is now before the Court for review.

## II.    BACKGROUND

Mr. Romo is in custody serving an eight-year sentence following a conviction in 2007 for assault with a deadly weapon by a prisoner. In this action, he challenges the execution of his sentence. His original habeas petition was far from a model of clarity, but appeared to contend that (1) the proceedings in 2011-2012 that resulted in his continued retention in the security housing unit ("SHU") violated his constitutional rights; (2) there was no meaningful review of his administrative appeal regarding his detention in the SHU; and (3) the application of California Penal Code § 2933.6, as amended effective January 25, 2010, to calculate his time credits violated his right to be free from ex post facto laws. The Court required him to amend the first two claims and found that

the third claim stated a cognizable claim for habeas relief. He then filed an amended petition, which is now before the Court for review.

### III.     DISCUSSION

A.     Mr. Romo's Challenge to His Retention In SHU

In his original petition, Mr. Romo challenged proceedings in 2011-2012 that resulted in his continued retention in the SHU. The Court dismissed the claim with leave to amend, explaining that Mr. Romo had to more clearly describe what the 2011-2012 proceedings were and identify which of his federal due process rights were violated in the course of those proceedings. Docket # 5 at 2. The Court also explained that the certain procedural protections were required for an initial gang validation and placement in the SHU, much more limited procedural protections were required for periodic reviews of the inmate's continued placement in the SHU, and that no procedural protections were constitutionally required in connection with a gang inactivity review. *Id.* at 3-7.

The amended petition and attachments thereto show that the proceeding that occurred in 2011-2012 was a gang inactivity review. *See* Docket # 6 at 18, 31 (Second Level Appeal Response), 33 (Third Level Decision - discussing six year review and finding that the institution classification committee "did consider the appellant's release from the SHU, but because of his case factors, he was ineligible for release at the time of the ICC review"), and 36 (Gang Validation Chrono - Update/Review, stating that Mr. Romo was originally validated on June 21, 2005, and there remained sufficient evidence to update him as an associate of the Mexican Mafia prison gang). As the Court explained in the order of dismissal with leave to amend, Mr. Romo did not have a constitutionally protected liberty interest in having prison officials comply with the state regulations regarding gang inactivity review and cannot obtain federal habeas relief for any procedural infirmity in the inactivity review process. Docket # 5 at 5-7. Since he had no federal right to due process in the gang inactivity review proceedings, the first claim in the amended petition is dismissed without leave to amend.

///
///
///

2

B.     Alleged Lack of Meaningful Review of Mr. Romo's Administrative Appeal

In his original petition, Mr. Romo contended that he was denied a meaningful review of his administrative appeal regarding his placement in that, among other things, prison officials did not follow timelines set for appeals and did not find in his favor.

The Court dismissed the claim because an inmate has no federal constitutional right to a properly functioning inmate appeal system. *See* Docket # 5 at 8. Mr. Romo repeated the claim in his amended petition. Even if there are certain due process protections governing initial placement in the SHU, there is no due process right to any kind of administrative review of that placement decision. *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988). The second claim in the amended petition is dismissed without leave to amend for the reasons stated in Docket # 5 at 8.

Moreover, even if Mr. Romo had a due process right to have his inmate appeal decided a particular way or processed in a particular way, the claim would have to be pursued in a civil rights action under 42 U.S.C. § 1983 rather than in a federal habeas action. Under 28 U.S.C. § 2254(a), this Court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." Section 2254(a) uses the term "in custody" twice, with two different requirements. *Bailey v. Hill*, 599 F.3d 976, 978 (9th Cir. 2010). The first usage (i.e., that the petition be filed "'in behalf of a person in custody'") requires that there be a restraint on the petitioner's liberty. *Id.* at 978-79. The second usage (i.e., that the application may be entertained "'only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States'") requires "a nexus between the petitioner's claim and the unlawful nature of the custody." *Id.* at 979-80. For the second requirement to be satisfied, success on the claim must result in a change in the restraint on the petitioner's liberty. *Id.* at 980. Mr. Romo's claim that there was a lack of meaningful review of his administrative appeal fails to satisfy the second custody requirement because success on the claim would not affect any restraint on Mr. Romo's liberty. *See id.* at 980-81 (imprisoned petitioner failed to satisfy custody requirement for his petition challenging only the restitution component of his sentence because the "elimination or

1  alteration of a money judgment, does not directly impact – and is not directed at the source of the
2  restraint on – his liberty" as long as he has to serve the rest of his prison sentence in the same
3  manner). The claim is dismissed because habeas relief is not available for the claim.

C.  Ex Post Facto Claim Regarding California Penal Code § 2933.6

Mr. Romo alleged in his original petition that the application of the amended version of California Penal Code § 2933.6 violated his right to be free of ex post facto laws because it caused his release date to be extended beyond that which it would have been under the law as it existed when his criminal offense took place. The Court found that the allegations, liberally construed, stated a cognizable claim for a violation of Mr. Romo's rights under the Ex Post Facto Clause. That determination must be revisited, however, because the law has changed to the detriment of Mr. Romo. *See Nevarez v. Barnes*, 749 F.3d 1124 (9th Cir. 2014). Like Mr. Romo, the petitioner in *Nevarez* raised an ex post facto challenge to the application of amended California Penal Code § 2933.6 to deny good conduct time credits to validated gang affiliates in the prison's SHU. *Nevarez* held that the California courts' rejection of the petitioner's ex post facto claim based on *In re Sampson's* analysis that it was the petitioner's intervening conduct – continued gang affiliation – that triggered his ineligibility to earn good time credits was not an unreasonable application of clearly established Supreme Court precedent under 28 U.S.C. § 2254(d). *Nevarez*, 749 F.3d at 1128 (citing *In re Sampson*, 197 Cal. App. 4th 1234, 1241-42 (Cal. Ct. App. 2011). No facts were alleged in the petition or amended petition to distinguish Mr. Romo's situation from that of the petitioner in *Nevarez*. The amended petition's third claim does not state a cognizable claim for habeas relief and therefore is dismissed without leave to amend.

A certificate of appealability will not issue. *See* 28 U.S.C. § 2253(c). This is not a case in which "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

///
///
///

### IV. CONCLUSION

For the foregoing reasons and the reasons stated in the order of dismissal with leave to amend, the amended petition for writ of habeas corpus is **DISMISSED**. The Clerk shall close the file.

IT IS SO ORDERED.

Dated: September 15, 2014

_____
EDWARD M. CHEN
United States District Judge